R. M. NIMROCK v. R. T. SCANLIN and another.

*Foreclosure Proceedings—Parties.*

1. A married woman who with her husband executes a mortgage of land, is a necessary party defendant in foreclosure proceedings.
2. The decree in such case should direct the sale to be made at the expiration of a reasonable time—that is, three months from its rendition.
   (*Capehart* v. *Biggs*, 77 N. C., 261, cited and approved.)

CIVIL ACTION tried at Fall Term, 1882, of CUMBERLAND Superior Court, before *Gilmer, J.*

This action was brought by the plaintiff as mortgagee against the defendant R. T. Scanlin and A. A. McKethan, to recover the possession of the mortgaged premises. It appeared upon the trial that the plaintiff claimed under a mortgage executed by R. T. Scanlin and his wife Martha D., dated the 19th day of June, 1880, and registered on the 26th of same month, and was subsequent to a mortgage executed by the same parties to A. A. McKethan upon the same land, dated the 18th day of January, 1877, and that no part of the debts secured by either mortgage had been paid.

It was found by the verdict of the jury that a demand was made by the plaintiff upon the defendant, R. T. Scan-

lin, for the possession of the land before the action was brought and that the rent of the land was worth fifteen dollars per month.

The defendant insisted that Martha D. Scanlin was a necessary party to the action, and that the plaintiff was not entitled to any relief in this action.

The prayer of the complaint was for the possession of the house and lot, and for damages, and all such other and further relief as may be right and proper in the premises.

The court refused to grant the plaintiff judgment for the possession or damages, but under the prayer for general relief made a decree directing a sale of the mortgaged premises by A. A. McKethan, first mortgagee, which decree is as follows : " The court doth order and adjudge that the defendant, A. A. McKethan, be a commissioner appointed by this court, as soon as practicable and at some convenient time between this and the next term of this court, to make sale of the mortgaged premises in accordance with the terms and provisions of said mortgages, as to notice, time and place ; and on such sale the purchaser shall be required to give note with good security for the purchase money, payable on or before the Tuesday of the second week of the next term of this court, and a report of the sale, together with said note, shall be filed with the clerk of this court within five days after the sale. Due notice shall be given to Martha D. Scanlin to show cause at the next term of this court why said sale shall not be confirmed. And the cause is retained for further directions."

From this judgment the defendants appealed.

*Mr. N. W. Ray,* for plaintiff.
*Messrs. Sutton, Huske* and *Hinsdale & Devereux,* for defendants.

ASHE, J. The point was raised on the trial in the court below, that Martha D. Scanlin was a necessary party to the action.

We are of the opinion the point is well taken, for she joined with her husband in both deeds of mortgage, and if the land was the absolute property of her husband, there is nothing in the deeds to show that her joining in them was intended to affect her dower or homestead right in the land. But for aught that appears upon the face of the deeds, she may have been the owner of the same in her own right, or had a joint interest in it with her husband; but however this may be, the deeds are susceptible of that construction, and an adjudication upon her rights in the action, without her being a party and having an opportunity to assert and defend them, would be an act of injustice to her.

While we concur with His Honor in the court below, that the relief he proposed to give the plaintiff was not inconsistent with the case made by the complaint, and the plaintiff under the prayer for general relief, was entitled to such relief as it was the purpose of His Honor to grant by the decree rendered, we do not concur in the mode of granting it, and think there was error in the decree in that respect.

The practice in foreclosing mortgages has long been established by the courts. They never, as in this case, make an order or decree for an unconditional sale, but decree a sale to be made after a certain time, usually three months from the decree, unless the money secured by the mortgage is in the meantime paid. *Capheart* v. *Biggs,* 77 N. C., 261; 2 Jones on Mortgages, § 1563; Johnson Ch. Rep., 140.

This condition was introduced in the decrees of sale of mortgaged property, to prevent mortgagors from being taken by surprise, and to give them an opportunity of raising the money and saving their property from sale.

We therefore remand the cause that Martha D. Scanlin may be made a party to the action, and that the decree may be modified, if the plaintiff shall be so advised, in conformity to this opinion.