C. P. VANSTORY v. A. G. THORNTON et al.

(DEFENDANT ELSIE THORNTON'S APPEAL).

*Pleading—Frivolous Answer.*

In an action begun as a proceeding for the re-allotment of homestead, but which, by consent of the judgment creditor and debtor and the mortgagees of the latter, had become one for the foreclosure of mortgages, the plaintiff caused the wife of the judgment debtor to be made a party defendant for the purpose of enabling her to assert any rights she might have; she filed an answer which tended to revive issues which had been finally adjudicated between plaintiff and her husband instead of setting up any rights of her own: *Held*, that such answer was immaterial and was properly disregarded by the Judge below.

This cause, which has before been to the Supreme Court and is reported in the 112th N. C. Reports at page 196, came on for further hearing before *Shuford, J.*, at November Term, 1893, of CUMBERLAND Superior Court.

Since the last term of this Court the land in controversy was sold under a decree of this Court by commissioners appointed for that purpose and a report of said sale was made to the present term of the Court. Upon motion to confirm the report Elsie, the wife of A. G. Thornton, who had been made a party since last term of the Court, and after said sale, by summons issued at the instance of the plaintiff, made objections to the confirmation of said report, and filed exceptions thereto, and also filed an answer to the complaint. The Court fully considered the exceptions and answer filed by the *feme* defendant, and held that the same raised no material or valid issues, and overruled the exceptions, and held the answer to be immaterial and confirmed the report of the commissioners, and ordered them to make

title to the purchaser.  To this ruling of the Court the *feme* defendant excepted and appealed.

*Mr. Thomas H. Sutton,* for plaintiff.

*Messrs. George M. Rose* and *N. A. Sinclair,* for defendant (appellant).

BURWELL, J.: The appellant is the wife of the defendant A. G. Thornton, and was made a party defendant at the instance of the plaintiff since this cause was last before this Court (112 N. C., 196).  The action having become, by consent of the plaintiff judgment creditor, the defendant judgment debtor and the latter's mortgagees, an action to foreclose the mortgages and distribute the fund among the lienors, the plaintiff saw fit to summon the wife of the judgment debtor and mortgagor that she might have an opportunity to assert any rights she might have in the premises, and that she might have time and opportunity to defend such rights as she might assert.  This was not improper. *Nimrock* v. *Scanlin,* 87 N. C., 119.  As to her the mortgagees are the actors.  The plaintiff's judgment and his proceedings to enforce its payment cannot affect her rights either of dower or homestead.  Yet the answer which she filed seems to have been directed entirely towards reviving issues between the plaintiff and her husband, which have already been adjudicated finally, and to which she was not a necessary or proper party, and to have left unnoticed the substantial facts, to-wit, that the land to be sold under the mortgage was her husband's land, not hers, and that she had by proper deeds released to the mortgagees all her right of dower and homestead therein.  Having failed to controvert these facts, they are to be taken as true.  Her answer was therefore, as his Honor held, immaterial, and it was very properly disregarded in the order making the

final adjudication of the rights of the parties in this matter that has been for so long a time the subject of litigation. Her presence in court and the answer she filed merely show for the protection of all parties concerned that she has no rights left in the premises to assert and defend.

Affirmed.