.W. H. CHADBOURN v. E. M. JOHNSTON, et al.

*Action to Foreclose Mortgage—Parties—Unauthorized Appearance Entered by Solvent Attorneys, Effect of—Setting Aside Judgment.*

1. The wife and heirs-at-law of a mortgagor being necessary parties in an action to foreclose, a widow, who as *feme covert* joined in the mortgage of her husband, and the devisee of the mortgagor and those claiming under him, are likewise necessary parties.

2. Where all the legal parties are made defendants in a summons issued in an action to foreclose, and the summons is returned executed, such return carries with it the presumption of service and gives the court jurisdiction and authority to proceed to judgment. But this presumption may be rebutted and judgment set aside upon evidence showing that in fact the summons had not been served.

3. Where the necessary parties defendant in an action to foreclose are put into court by responsible and solvent practicing attorneys making a general appearance for them, the fact that summons had not been served will not induce this Court to set aside a judgment, otherwise regular, rendered in such action.

MOTION heard before *Graham, J.,* at September Term, 1895, of PENDER Superior Court, to set aside a judgment rendered at the March Term, 1894, the sale made thereunder and decree confirming the sale. Upon the hearing of the motion the following facts were found:

" 1. That on the 6th day of December, 1886, one John Watkins executed his promissory note to the defendant, E. M. Johnston, by which he promised to pay him, twelve months after date, the sum of $3,704, for value received; and on the same day conveyed to him, to secure the

CHADBOURN *v.* JOHNSTON.

same, the land in controversy in this action, by mortgage deed, which was duly registered in Pender county.

" 2. That on the 23d day of December, 1886, the said E. M. Johnston, who was then Sheriff of Pender county, transferred said note and mortgage by endorsement to the plaintiff, who was one of the sureties upon the official bond of the said E. M. Johnston, as Sheriff, to indemnify his sureties against loss by reason of their suretyship.

" 3. That thereafter the said Watkins died, leaving a will by which he devised said land to the defendant, Rebecca Watkins, for life, and then to the defendant, E. M. Johnston ; and thereafter, in March, 1892, the said E. M. Johnston conveyed his interest in said land to the defendant, W. J. Johnston.

" 4. That prior to the 11th day of July, 1892, the Board of Commissioners of Pender county instituted an action against the said E. M. Johnston and the sureties, upon his bond as Sheriff in said Pender county, among whom was the plaintiff, to recover about the sum of six thousand dollars, alleged to be due by the said Johnston, as Sheriff.

" 5. That this action was commenced on the 11th day of July, 1892, and the summons herein was duly served on the defendant, E. M. Johnston, individually and as executor, on the 19th day of July, 1892, but was not then, or afterwards, served on the other defendants.

" 6. That, at the time the summons herein was served on the said E. M. Johnston, who was then not at his home, the said W. J. Johnston, his son, and Rebecca Watkins, his aunt, were living in the same house with him, and copies of the summons and complaint were delivered to him for them.

" 7. That the summons in this action was returned " served " on all the defendants on the 19th day of July, 1892.

" 8. That there was an application for a restraining order in this action, heard on the 23d day of July, 1892 ; and at the hearing the said E. M. Johnston filed an answer, used as an affidavit, and no other answer has been filed.

" 9. That, at September Term, 1892, of said court, John D. Kerr, an attorney at law, practicing in Pender county, entered a general appearance for all the defendants, and obtained leave to answer.

" 10. That Marsden Bellamy and Herbert McClammy, attorneys at law, were also employed in this action by the said E. M. Johnston, and they believe that they were employed by all the defendants, and entered an appearance and acted for all.

" 11. That at March Term, 1893, of said court, an order was made in this action, a copy of which is attached, marked ' A.'

" 12. That at March Term, 1894, of said court, by agreement, a judgment was rendered in said action, referred to in finding No. 3 against the said E. M. Johnston and his sureties (among whom was the plaintiff) for about the sum of six thousand dollars, and in this action a judgment was rendered upon the said note, the value of which at that time being between $5,000 and $6,000, and directing the land conveyed in the mortgage, executed to secure the payment of the same, to be sold.

" 13. That the said judgments were shown to the defendant, the said E. M. Johnston, and were agreed to and approved by him and by the said Kerr, Bellamy and McClammy.

" 14. That the only defense relied upon by the said E. M. Johnston in his answer was that said note and

mortgage were delivered to the plaintiff to indemnify his sureties upon a particular bond, and that there was no default upon that bond, and no other ground of defense is shown by any of the defendants upon the hearing in this action.

"15. That said note and mortgage were delivered to the plaintiff to indemnify him against loss upon a particular bond; but thereafter, the said Johnston being compelled to execute other bonds, the plaintiff became surety thereon, and said note and mortgage remained, by agreement with E. M. Johnston, in the possession of the plaintiff, as an indemnity against any loss.

"16. That the plaintiff and other sureties have paid in full the judgment rendered at said March Term, 1894, against the said E. M. Johnston and his sureties, amounting to about $6,400, and no motion has been made to set aside said judgment.

"17. That, after due advertisement, the commissioner appointed in this action sold the land in said mortgage, under the decree rendered at March Term, 1894, at public auction, when and where the plaintiff became the purchaser at the sum of $1,500. That said sum was much less than the mortgage debt due on said land, and less than the amount paid by the sureties of the said E. M. Johnston, as set out in finding No. 14. That said commissioner made his report of sale to the court, and the same was duly confirmed; and said commissioner, acting under the order of the court, conveyed said land to the plaintiff upon the payment of the cost, which amounted to about $125.

"18. That neither the said Kerr, Bellamy or McClammy had authority to represent the defendants herein, other than E. M. Johnston.

"19. That defendant W. J. Johnston was present at the sale, and F. R. Cooper, Esq., an attorney at law, repre-

sented Mrs. Watkins, and they both forbade the sale, and notified the purchasers that they were not parties to the action, and that no summons had ever been served on them; and it was stated at said sale that counsel had appeared for them on the trial. Mrs. Watkins was not present in person at said sale.

" 20. That Marsden Bellamy is amply solvent."

Upon these facts his Honor adjudged " that the judgment rendered in this action, at March Term, 1894, of the superior court of Pender county, the sale made under said judgment and the decree confirming said sale, be set aside as to the defendants W. J. Johnston and Rebecca Watkins, and as to them only; and that the motion to set aside judgment and sale as to the defendant E. M. Johnston, and as to E. M. Johnston, as executor of John Watkins, be denied.

" The cost of this action will be taxed equally against the plaintiff and the said E. M. Johnston."

From this judgment plaintiff appealed.

*Mr. W. R. Allen*, for plaintiff (appellant).
*Mr. J. L. Stewart*, for defendants.

FURCHES, J.: This is a motion to set aside a judgment of foreclosure, sale and confirmation thereunder, and from the facts found by the court it appears that on the 6th of December, 1886, John Watkins and his wife Rebecca A. Watkins executed a mortgage on the land mentioned in the complaint, to the defendant, E. M. Johnston, to secure a debt due by note of $3,704, payable twelve months from date. That on the 26th of December, 1886, said Johnston assigned said note to the plaintiff, Chadbourn. That after the execution of this note and mortgage, and before the commencement of this action,

the said John Watkins died, leaving a last will and testament, in which he devised this land to his wife for life, and the remainder in fee to the defendant, E. M. Johnston, and that since the death of said Watkins the defendant, E. M. Johnston, has sold and conveyed his estate in said land to W. J. Johnston. That this action was brought against E. M. Johnston, W. J. Johnston and R. A. Watkins, the widow and devisee for life of the said John. That the summons was served on the defendant E. M. Johnston, but there was no service on the other two defendants. That at the return of the summons the defendant, E. M. Johnston, employed John D. Kerr, Marsden Bellamy and Herbert McClammy, practicing attorneys at that court, who entered a general appearance for the defendants, believing they were employed by all, and filed an answer for the defendant, E. M. Johnston, and obtained leave to file for the others, but no other answer was filed. And at March Term, 1894, a judgment was entered against E. M. Johnston, who was one of the executors of the mortgagor, John Watkins, for the amount of the debt secured by the mortgage, a commissioner appointed and a sale of the land ordered. This sale was made and reported to the court by the commissioner and confirmed and judgment of foreclosure entered. And this is the judgment and proceedings thereon that are asked to be set aside under this motion.

The wife of a mortgagor who joins with her husband in making a mortgage is a necessary party in an action to foreclosure. *Nimrock* v. *Scanlin*, 87 N. C., 119. And if the wife is a necessary party it would seem that the widow who joined in making the mortgage with her husband would be.

The heirs-at-law of the mortgagor are necessary parties in an action to foreclose. *Traser* v. *Bean*, 96 N. C.,

327. And it would seem that if heirs are necessary parties, a devisee and those claiming under him would be. We are therefore of the opinion that Rebecca A. Watkins, both as a widow and as devisee, was a necessary party, and that W. J. Johnston, assignee of E. M. Johnston, was a proper if not a necessary party.

But it seems that they were both legal parties to this action. They were made defendants in the summons issued in the case, which was returned executed, though in truth and in fact it was not executed on Rebecca A. Watkins and W. J. Johnston.

This, *prima facie*, gave the court jurisdiction and authorized it to proceed to judgment. But this presumption might be rebutted by showing that in fact it had not been served. And, if nothing more had occurred upon the court's finding this fact it would have been the duty of the court to set aside the judgment.

But the matter did not end here. Three practicing attorneys made a general appearance for the *defendants*, which put the defendants Rebecca and W. J. Johnston in court, and one of these attorneys (Marsden Bellamy) is found to be " amply solvent." And it has been held by this Court that where this is the case the Court will not set aside the judgment otherwise regular. *University* v. *Lassiter*, 83 N. C., 38. For this reason the court erred in setting aside the judgment of sale and the order confirming the same and foreclosing the mortgage.

Error.