HATCHER v. FAISON.

(Filed October 23, 1906).

*Attorney and Client—Appearance—Unauthorized Appearance—Service of Summons—Judgments—Effect of Revival—Judicial Sales—Recitals in Decrees—Innocent Purchasers—Judgments, When Vacated.*

1. When a defendant has been served with process he should pay proper attention to the matter, and where a solvent attorney practicing regularly in said Court, though not authorized by him, assumed to represent him in open court, he is bound by the judgment, certainly as to an innocent purchaser of said judgment, or at an execution sale under it, when with notice of said judgment he takes no steps to set it aside.

2. Though a party is not served with summons, if he appeared in the action either personally or by duly authorized attorney, this waives service of summons.

3. When there is no service of summons, an unauthorized appearance by counsel will not put the party in court and bind him by the judgment obtained in said action.

4. Where notice to show cause why a judgment should not be revived is served, failure to defend gives the revived judgment no more efficacy than the original judgment possessed.

5. Where a judgment regular upon its face recites that there has been service of process, an innocent purchaser will be protected. And this applies to the purchaser and assignee of the judgment equally with the purchaser at execution sale under the judgment.

6. While courts have the power to correct their records and set aside irregular judgments at any time, they will not exercise this power

where there has been long delay or unexplained laches on the part of those seeking relief against the judgment complained of, especially where the rights of third parties may be affected.

7. An assignee of a judgment has the right to rely upon the recital in the judgment of the service of summons; that counsel purported to represent the judgment debtor; his subsequent admissions of the justice of the judgment in conversation with the said counsel, and provision made by him in a deed of trust for payment of the judgment; the failure to set up any defense to the motion to revive; the acquiescence for more than sixteen years, and the absence of any meritorious defense; and the motion to set aside the judgment was properly denied.

ACTION by Benjamin H. Hatcher, administrator of J. W. Blount, against F. L. Faison, administrator of A. M. Faison, and others, heard by *Judge T. J. Shaw* at the January (Special) Term, 1906, of the Superior Court of DUPLIN.

From an order denying the defendant's motion to set aside a judgment rendered at February Term, 1889, the defendant appealed.

*F. R. Cooper, J. D. Kerr* and *G. E. Butler* for the plaintiff.
*Grady & Graham* for the defendant.

CLARK, C. J. This is a motion made at August Term, 1905, of Duplin by J. F. Faison, administrator of W. A. Faison, to set aside a judgment rendered at February Term, 1889, of said court. The Court at January Term, 1906, refused the motion and found the following facts: On 11 January, 1889, the plaintiff issued a summons against F. L. Faison, administrator of A. M. Faison, W. A. Faison and William Boyette, returnable to February Term of Duplin. It was duly served on F. L. Faison and Boyette and returned, "Served on W. A. Faison by leaving a copy at his house." On the docket for that term on the margin opposite the names of defendants is entered "Faison," which the Judge finds stood for the name of Henry E. Faison, an attorney at law practicing in said court. A verified complaint was filed setting out a promis-

sory note under seal signed by A. M. Faison, with W. A. Faison and William Boyette sureties. No answer was filed and judgment by default final was taken for the principal and interest of said note, which judgment recited that "the defendants have been duly served with summons"; that a duly verified complaint had been filed, and no answer.

When the case was called Henry E. Faison, who was a practicing attorney in said court, and whose name was entered as counsel for the defendants, stated to the Court that he had read the judgment and examined into the merits of the case and that he had no defense whatever to said action, and that there was no objection to the Court signing the judgment set out in the record. After the judgment was rendered W. A. Faison had several conversations with Henry E. Faison, in which he stated that he owed the said debt and told him that he had made provision in a deed of trust to pay said judgment.

On 15 September, 1890, W. A. Faison made a deed in trust in which he provided for the payment of sundry judgments, and among them he recited the aforesaid judgment, placed it in the first class, and required payment of one-half thereof. The Judge further finds that Henry E. Faison was not employed by W. A. Faison, and in fact did not represent him when the judgment was taken. On 1 October, 1889, the judgment was assigned to C. S. Boyette, who on 14 January, 1899, instituted proceedings to revive said judgment in which the notice to show cause was served on F. L. Faison, administrator, and on W. A. Faison, neither of whom made any defense, which fact and the service of notice are recited in the order reviving the judgment. W. A. Faison never contested the validity of the judgment, and died 31 December, 1904, and this motion was first instituted by his administrator, doubtless, merely in discharge of what he deemed his official duty. There is no suggestion that there is any defense to the plaintiff's cause of action should the judgment be set aside.

When a defendant has been served with process he should pay proper attention to the matter; therefore, if a solvent attorney, practising regularly in said court, though not authorized by him, assumed to represent him in open court, he is bound by the judgment, certainly as to an innocent purchaser of said judgment, or at an execution sale under it, when with notice of·said judgment he takes no steps to set it aside. *University v. Lassiter,* 83 N. C., 38; *Chadbourn v. Johnston,* 119 N. C., 288. On the other hand, though a party is not served with summons, if he appeared in the action, either personally or by duly authorized attorney, this waives service of summons. *Caldwell v. Wilson,* 121 N. C., 425. But these cases would not sustain the proposition that when there is no service of summons an unauthorized appearance by counsel would put the party in court and bind him by the judgment obtained in said action. It is also true that when notice to show cause why a judgment should not be revived is served, failure to defend gives the revived judgment no more efficacy than the original judgment possessed. *Koonce v. Butler,* 84 N. C., 221.

But "when a judgment, regular upon its face, recites that there has been service of process, an innocent purchaser will be protected." *Harrison v. Hargrove,* 120 N. C., 96. And this applies to the purchaser and assignee of the judgment equally with the purchaser at execution sale under the judgment. "While courts have the power to correct their records and set aside irregular judgments at any time, they will not exercise this power where there has been long delay or unexplained laches on the part of those seeking relief against the judgment complained of, especially where the rights of third parties may be affected." *Harrison v. Hargrove,* 109 N. C., 346.

The judgment here is in the hands of an assignee, who has the right to rely upon the above-recited circumstances, *i. e.,* the recital in the judgment of the service of summons; that

counsel purported to represent W. A. Faison, the subsequent admissions of W. A. Faison of the justice of the judgment in conversation with the said counsel, and provision made by him in deed of trust for payment of judgment; the failure to set up any defense to the motion to revive; the acquiescence for more than sixteen years, and the absence of any meritorious defense. The effect of opening the judgment would be to permit the defeat of the claim by the plea of the statute of limitations.

The order denying the motion to set aside the judgment is Affirmed.

WALKER and CONNOR, JJ., concur in result.