TOWN OF BATH v. DR. JOSEPH H. NORMAN and WIFE, MRS. JOSEPH H. NORMAN, and L. R. SMITH, KATHRYN CLAIRE CATON and HANNAH LEENS BONNER.

(Filed 18 September, 1946.)

**1. Judgments § 1—**

A consent judgment depends for its validity upon the consent of both parties, without which it is wholly void.

**2. Judgments §§ 4, 27b: Municipal Corporations § 11c—**

In this jurisdiction, a showing of merit either as to the cause of action or defense, is not required in order to vacate a void judgment.

**3. Judgments § 27b: Municipal Corporations § 11c—**

In this action by a municipality, a consent judgment was entered abandoning the municipality's claim to the property in litigation. Thereafter, the municipality moved to vacate the consent judgment on the ground of want of authority in the attorney for the municipality who signed the judgment. *Held:* The municipality could consent to the judgment only upon

authorization granted by official action of its board of commissioners, and upon evidence tending to show at most authorization of the attorney by the mayor in a personal conversation, it was error to deny its motion to vacate.

**4. Same: Attorney and Client § 6—**

An attorney, perforce an attorney for a municipality, has no inherent or imputed power to enter a consent judgment which abandons the claim of the client, or to make any other substantial compromise of his client's rights.

APPEAL by plaintiff from *Thompson, J.,* 21 March, 1946 (as of February Term, 1946), of BEAUFORT.

The Town of Bath brought an action against the named defendant and others afterward admitted as defendants for the recovery of water front lots along Bath Town Creek, now in the possession of defendants, filed its complaint, in which the lots are described, and asked to be declared the owner thereof and to be put into possession. The defendants answered, denying plaintiff's ownership, and claimed title in themselves.

Subsequently, the town entered a disclaimer to the land described in the complaint as lot 1, and it is not now involved in the litigation.

After the case had been pending sometime, no settlement of the controversy having been reached, it was set for trial. When it came on to be heard before Judge Frizzelle at May Term, 1945, a judgment, purporting to be by consent, was rendered, adjudging that the plaintiff had no right, title or interest in the lands then in controversy, and that the defendants were the owners thereof. Consent to the rendition of the judgment was purportedly given by Mr. Daniel, counsel for the town, who signed the judgment in token thereof.

Subsequently, partition proceedings were instituted by certain of the defendants as to their portion of the land, and prosecuted to sale for division. The plaintiff herein at this point moved to set aside the judgment rendered at the May Term upon the ground that Daniel was not authorized by the plaintiff to consent thereto, and that the judgment is therefore void. Meantime, appropriate action was taken to stay the further progress of the partition proceeding, which is not involved in this appeal.

The motion to set aside the Frizzelle judgment was heard by Thompson, J., at February, 1946, Term of Beaufort Superior Court upon affidavits.

The mayor and commissioners of the town testified that none of them, directly or indirectly, had authorized Mr. Daniel to consent to the Frizzelle judgment, and that they had never heard of it until their attention was called to it through advertisements in the later partition proceeding. The affidavit of Daniel denies this, stating affirmatively that he had

talked it over with Mayor Tankard and asked him to notify the commissioners.

The affidavits of various parties and attorneys contain much matter relating to the history of the case, negotiations between attorneys, and especially title to the property and want of merit in plaintiff's claim. We can only include in the statement matters necessary to an understanding of the appeal and relevant to the decision.

It is not contended by the respondents that any action was taken by the governing board of the town except as above appears.

Judge Thompson made very extensive findings of fact, largely respecting the state of the title. With respect to the authority of counsel to consent to the Frizzelle judgment, Judge Thompson finds:

"Mr. Tankard, the Mayor of the Town, saw Mr. Daniel and told Daniel to make the settlement proposed by Grimes. Acting under this authority, Mr. Daniel agreed that settlement would be made."

The judgment concludes:

"Upon the foregoing findings the Court being of the opinion that to vacate and set aside the judgment would be a vain act since upon the admissions made and an examination of the law under which plaintiff asserts its right to ownership, it is apparent that the plaintiff is not the owner of the property in controversy, it is ADJUDGED AND DECREED that the motion to vacate said judgment be and the same is denied."

From this judgment the plaintiff appealed.

*H. S. Ward for plaintiff, appellant.*

*J. D. Grimes and Rodman & Rodman for defendants, appellees.*

SEAWELL, J. The movent has attacked the judgment of May Term, 1945, purporting to be by consent, on the ground that the signatory party had no authority to give such consent in its behalf. If it can make good on that challenge, all other matters brought forward in the record are irrelevant. In fact, it is, and was, the only point for consideration on the motion initially and throughout the hearing, since absence of authority to consent would deprive the judgment of any sort of validity. A careful consideration and analysis of the record leads us to the conclusion that denial of plaintiff's motion to vacate the judgment was erroneous.

Upon the hearing of the motion, the trial judge frankly proceeded on the theory that the Frizzelle judgment could, at the worst, be only irregular, devolving on the moving party the burden of showing its claim was meritorious. Counsel for appellees admit this in their brief and so contend here, citing (a) *Perry v. Surety Co.,* 190 N. C., 284, 129 S. E., 721; *Daniel v. Power Co.,* 201 N. C., 680, 161 S. E., 210; (b) *Harris*

*v. Bennett,* 160 N. C., 339, 76 S. E., 217; *Duffer v. Brunson,* 188 N. C., 789, 125 S. E., 619; *Crye v. Stoltz,* 193 N. C., 802, 138 S. E., 167.

A consent judgment, however, depends for its validity upon the consent, without which it is wholly void. *King v. King,* 225 N. C., 639, 35 S. E. (2d), 893; *Rodriguez v. Rodriguez,* 224 N. C., 275, 29 S. E. (2d), 901; *Deitz v. Bolch,* 209 N. C., 202, 183 S. E., 384; *Bizzell v. Equipment Co.,* 182 N. C., 98, 108 S. E., 439. A purported consent by one having no authority is in law no consent. *Johnston County v. Ellis, ante,* 269, 278, 279, 38 S. E. (2d), 31.

In this jurisdiction, a showing of merit either as to the cause of action or defense is not required in order to vacate a void judgment. *Flowers v. King,* 145 N. C., 234, 58 S. E., 1074; *Monroe v. Niven,* 221 N. C., 362, 365, 20 S. E. (2d), 311. Whether their adversary has been fenced in, or fenced out, as contended by counsel for defendants, is a matter which must await the proverbial "day in court" for its determination.

Conceding that the burden is on the moving party to show want of authority in Daniel to consent to the judgment in question, the plaintiff has been materially aided in carrying that burden by defendants' affidavits, which purport to tell just what occurred. From a perusal of this evidence, it becomes clear that the governing body of the town took no official action in the matter toward authorizing the consent or terminating the litigation through the judgment entered.

The only thing in the findings of fact approaching an affirmation of any action by the commissioners is the statement: "Mr. Daniel informed Mr. Grimes that Mr. Tankard, who had been authorized by the governing officials of the town to handle the matter," etc., as appears in finding No. 11. If this is to be construed as indicating that there was an official delegation of authority, it is unsupported by the evidence.

We are not required here to draw a sharp line between incidental matters which a municipality, as other clients, in the handling of a lawsuit must needs leave to the discretion of its attorney, guided by such informal counsel as personal contact may supply, and matters more importantly affecting the rights of the client and the objectives of the suit. We do say that authority to consent to a judgment which gives away the whole *corpus* of the controversy—not only abandons title to lands claimed in good faith by the municipality, but puts that title in an adversary—should rest on official action of the board rather than casual personal assent of its members, even if that assent could be found to exist. *Burgin v. Board of Election,* 214 N. C., 146, 198 S. E., 573; *O'Neal v. Wake County,* 196 N. C., 184, 145 S. E., 28; *Realty Co. v. Charlotte,* 198 N. C., 564, 152 S. E., 686; *Ins. Co. v. Guilford County,* 225 N. C., 293, 34 S. E. (2d), 430; *London v. Commissioners,* 193 N. C., 100, 136 S. E., 356; 37 Am. Jur., "Municipal Corporations," sec. 54.

It is suggested that the judgment may be sustained on some principle other than consent of the parties; that it was within the power of the court to render a judgment of this sort without such consent. Beyond a simple nonsuit for failure to prosecute the action, we know no appropriate judgment which the court may have rendered. The suggestion that the course taken by Mr. Daniel was within some general or inherent or imputed power of an attorney by reason of his retainer and official connection with the case, by the exercise of which, however disastrous, the client is bound, is without merit. In this State, as generally throughout the Union, the client, municipal or otherwise, is bound by many acts of his attorney incidental to the ordinary conduct of the case, often of great importance. But that power does not extend to an act of the sort under review, or to any other substantial compromise of the client's right, and is not of a character to avail the defendants in the present case. *Hall v. Presnell,* 157 N. C., 290, 294, 295, 72 S. E., 985; *Hairston v. Garwood,* 123 N. C., 345, 349, 31 S. E., 653; *Bank v. McEwen,* 160 N. C., 414, 420, 421, 76 S. E., 222; 5 Am. Jur., 317, sec. 96, *et seq.*

We have arrived at the conclusion that although Mr. Daniel acted in the utmost good faith and with the best of motives, he was, upon the record, without legal authority to consent to the challenged judgment.

The judgment of Thompson, J., rendered as of February Term, 1946, Beaufort County Superior Court, is, therefore, reversed; and the judgment rendered by Judge Frizzelle at May Term, 1945, is vacated. The cause is remanded for further proceeding.

Reversed and remanded.