FRANCES BADHAM HOWARD, FANNIE BADHAM, BESSIE B. SMALL,
SIDNEY BADHAM, MILES BADHAM, PENELOPE OVERTON, ALEX-
ANDER BADHAM, CHARITY BADHAM, CHARLES BADHAM, PAUL-
INE B. TURNER, FRANK BADHAM, SADIE B. HAWKINS, JAMES
BADHAM, AND ALL OTHER HEIRS AT LAW OF HANNIBAL BADHAM, DE-
CEASED, v. LONNIE BOYCE.

(Filed 22 March, 1961.)

**1. Attorney and Client § 3—**

An attorney has no inherent or imputed power or authority to com-
promise his client's cause or consent to a judgment which gives away
the whole *corpus* of the controversy.

**2. Same:    Judgments § 25—**

It will be presumed that the attorney signing a compromise or con-
sent judgment had authority from his client to do so, and the burden is
upon the party asserting absence of consent and want of authority in
the attorney to so prove to the satisfaction of the court.

**3. Judgments §§ 18, 25—**

Unless procured by fraud or mistake, a judgment which is regular and
valid on the face of the record may be set aside only by motion in the
cause in the court wherein it was rendered, and such motion is addressed
to the court, and if a jury verdict is returned it is advisory only.

**4. Appeal and Error § 59—**

A decision of the Supreme Court must be interpreted within the frame
work of the facts of that particular case.

**5. Judgment §§ 18, 21, 25—**

Movants seeking to set aside a judgment regular upon the face of
the record on the ground of want of jurisdiction, or on the ground that
it was a consent judgment and was entered without movant's consent,
are not required to show a meritorious defense or cause of action.

**6. Judgments §§ 18, 25—**

Mere lapse of time alone will not amount to laches barring a motion
in the cause to set aside a compromise or consent judgment on the
ground that movants did not in fact consent thereto, although positive
acts amounting to ratification, or unreasonable delay after notice, re-
sulting in prejudice to innocent parties may, under certain circumstances,
work an estoppel.

**7. Same—**

Upon the hearing of plaintiffs' motion to set aside a judgment in
retraxit on the ground that the attorney of record compromised and
settled their rights without their knowledge, authority, or consent, the
court should make specific findings of fact in regard to the authority of
the attorney and laches, and where the court fails to find such predicate
facts the cause must be remanded.

**8. Appeal and Error §§ 49, 55—**

 Where the lower court fails to find the facts necessary to support its judgment, the cause must be remanded.

APPEAL by movants, Penelope Overton and Alexander Badham, from *Bone, J.,* September 1960 Term, of CHOWAN.

This action was commenced 26 October 1944. The thirteen persons listed in the caption, including Penelope Overton and Alexander Badham, were named as plaintiffs, and Lonnie Boyce as defendant.

The complaint alleges:

Plaintiffs are heirs at law of Hannibal Badham, deceased. They are "scattered throughout the United States," and are tenants in common and seized in fee of a tract of land in Chowan County, North Carolina, being "that certain tract of pocosin land . . . adjoining the lands of the late Henderson Luten and others, containing by estimation 319 acres, being the same land conveyed to Hannibal Badham by H. H. Page and wife by deed duly recorded in Chowan County, in Book B, page 198." Defendant claims an estate in this land adverse to plaintiffs. This claim is not valid in law or fact. Plaintiffs have been in possession since the property was deeded to Hannibal Badham in 1889 and defendant's claim is a cloud on plaintiffs' title.

The answer admits that the land described in the complaint was deeded by H. H. Page and wife to Hannibal Badham in 1889. All other material allegations of the complaint are denied.

J. W. Jennette of Elizabeth City was attorney of record for plaintiffs and J. N. Pruden, since deceased, was attorney of record for defendant.

A judgment, approved by counsel for plaintiffs and defendant, was entered in the cause on 13 July 1945 by the Clerk of Superior Court of Chowan County, as follows:

 ". . . (I)t appearing that all matters in controversy have been fully settled between the parties and that there does not exist any further dispute between said parties relative to the ownership of the property described in complaint and that plaintiffs disclaim any further interest in said controversy and that said plaintiffs desire that this action be nonsuited and stricken from the docket.

 "Now, therefore, it is ordered that this action be, and the same is hereby nonsuited."

On 2 April 1959, Penelope Overton and Alexander Badham commenced another action against defendant, Lonnie Boyce, in the Superior Court of Chowan County. The allegations of their complaint

are to all intents and purposes identical with those of the complaint in the original action of 1944. They are represented in the 1959 action by counsel other than J. W. Jennette. They allege that they are residents of Chowan County.

Defendant answered the complaint and pleaded the judgment of 13 July 1945 as *res judicata* of the matters and things alleged in the 1959 action.

The 1959 action came on for trial at the September 1959 Term of Chowan before McLean, J. After hearing, the court entered judgment declaring that the judgment of 13 July 1945 is *res judicata* of the cause of action stated in the 1959 complaint, and dismissing the 1959 action. Upon appeal, the 1959 judgment was affirmed by this Court. *Overton v. Boyce*, 252 N.C. 63, 112 S.E. 2d 727.

Thereafter on 10 August 1960, Penelope Overton and Alexander Badham filed motion in the original cause to set aside the judgment of 13 July 1945, on the following grounds: (1) The judgment is erroneous, irregular and totally false in that movants have never disclaimed any interest in the controversy, have never authorized, requested, approved or ratified a settlement, compromise or adjustment of the matters in controversy, and have never desired, authorized, requested, approved or ratified a dismissal of the action; and (2) movants have never had their day in court relative to the merits of the controversy, this motion is the only remedy open to them for protection of their property rights, and a denial of this motion will contravene sections 17, 19 and 35 of Article I of the Constitution of North Carolina and the Due Process and Equal Protection clauses of the Fourteenth Amendment to the Constitution of the United States.

Movants filed affidavits in support of the motion. The affidavits are in substance as follows:

Movants did not sign or verify the 1944 complaint and did not authorize counsel to file suit in their behalf. They did not authorize the discontinuance and dismissal of the action, and did not know that it had been dismissed "until some time after its discontinuance and after the entry of the so-called judgment of the 13th day of July, 1945." They did not authorize the entry of the judgment. They did not retain the attorney, and did not enter into any agreement, understanding, conference or negotiations with him or anyone else for the settlement or compromise of any matter related to the land in question, and have authorized no person to do so in their behalf. They have never disclaimed ownership or interest in the land, and they assert their rights thereto as they existed prior to the purported judgment of 1945.

At the hearing upon the motion, J. W. Jennette, plaintiffs' attorney of record in the 1944 action, was called by defendant and testified substantially as follows:

E. C. Bryson, of the Duke University Law School faculty and the Duke University Legal Aid Clinic, wrote Jennette and asked if he would accept employment by Frances Badham Howard, of New York City. Jennette agreed to accept employment. After 15 years Jennette has no recollection of his transactions in connection with the suit independent of the facts disclosed by his files. He communicated with Frances Badham Howard by mail. He does not recall ever having seen her in person, but she apparently verified the complaint in Elizabeth City. He communicated with none of the other plaintiffs and the only instructions he received were from Mrs. Howard. J. N. Pruden, who represented defendant, is dead. At the time of the settlement and entry of judgment, Jennette received from defendant a check for $308 and endorsed it. He has no recollection of the disbursement of the proceeds of the check and has none of his bank statements prior to 1954. The bank did not retain a record of his account. There are no letters in the file to or from Mrs. Howard relative to the settlement. There is an unsigned copy of a contract of employment in the file. It purports to provide a contingent fee of 33 1/3 percent of recovery. He drew no deed for plaintiffs to sign. His signature is on the judgment indicating approval. Mrs. Howard signed nothing but the complaint so far as the file discloses. She furnished Jennette by letter a list of the heirs at law of Hannibal Badham. Since the settlement he has corresponded with no one about the matter.

The affidavits of movants, Jennette's testimony and the court records in the two actions are all the evidence adduced at the hearing on the motion.

The court found facts, stated conclusions of law, and entered judgment as follows:

"1. That this was an action to remove cloud from plaintiffs' alleged title to lands described in the complaint and was commenced on October 26, 1944, on behalf of plaintiffs, by J. W. Jennette, an attorney at law, of Elizabeth City, N. C., the complaint being verified before a Notary Public in Elizabeth City, N. C., on October 24, 1944, by Frances Badham Howard, one of the plaintiffs.

"2. That on November 21, 1944, an answer to the complaint was filed on behalf of defendant by J. N. Pruden, an attorney at law, of Edenton, N. C., who is now dead.

"3. That the judgment now sought to be set aside was entered by

the Clerk on July 13, 1945, and consented to on behalf of plaintiffs by J. W. Jennette, their attorney of record, and by J. N. Pruden, defendant's attorney of record.

"4. That after the time of the entry of said judgment, none of the plaintiffs took any further action in regard to the prosecution of the cause of action alleged in the complaint until April 2, 1959, when they commenced a new action in the Superior Court of Chowan County to remove cloud from their alleged title to the same tract of land as that described in the complaint in this action.

"5. That on May 1, 1959, the defendant filed answer to the complaint in said new action, pleading among other things that the judgment of July 13, 1945, in the old action was a bar to the prosecution of the new action.

"6. That at the September Term, 1959, of Chowan County Superior Court, Hon. W. K. McLean, Judge Presiding, heard the new action and entered judgment to the effect that the judgment of July 13, 1945, in the old action was a consent judgment determining the rights of the parties in said cause and that the controversy in the new action being identical with the one in the old action and the parties being the same, the parties were bound by the former judgment dated July 13, 1945.

"7. That the plaintiffs appealed from said judgment of Judge McLean to the Supreme Court and on February 24, 1960, the Supreme Court affirmed the judgment of the lower court.

"8. That the present motion was filed on August 10, 1960.

"9. That prior to the filing of the present motion, none of the plaintiffs had ever asserted either in the old action or in the new action that their attorney of record was without authority to consent to the judgment of July 13, 1945, on their behalf, or that they had not consented thereto.

"10. That movants have failed to show that they have any meritorious cause of action against the defendant. . .

"11. That movants have been guilty of laches and unreasonable delay in the filing of the present motion to set aside the said judgment.

"Upon the foregoing facts, the Court is of the opinion that movants are estopped to prosecute their motion because of their laches and unreasonable delay, and also by reason of the aforesaid judgment of Judge McLean rendered at the September Term, 1959, and affirmed by the Supreme Court on appeal and that movants are not entitled to have the judgment of July 13, 1945, set aside;

"NOW, THEREFORE, IT IS by the Court ORDERED, ADJUDGED AND DECREED that the said motion to set aside the

judgment herein rendered on July 13, 1945, be, and the same is hereby denied."

Movants appealed.

*Samuel S. Mitchell, R. Conrad Boddie, and Chance, Mitchell & Wells (New York City) for movants, appellants.*
*Weldon A. Hollowell and Pritchett & Cooke for defendant.*

MOORE, J.  Appellants seek to set aside the judgment of 13 July 1945 on the grounds that they did not consent thereto, did not authorize the attorney of record to appear for or represent them, and had no knowledge of the judgment prior to its entry.

The court below found as a fact that appellants (movants) have no meritorious cause of action and have been guilty of laches and unreasonable delay. It declined to set aside the judgment.

In the affidavits supporting the motion, movants asserted that they were made parties plaintiff to the 1944 action without their knowledge and consent, did not employ or confer with the attorney of record, and did not authorize him to act for them. They further declared that the compromise and settlement of the matters in controversy and the entry of the judgment were without their knowledge, authority or consent.

". . . (T)he early rule followed both in England and in this country was that . . . an unauthorized appearance (by an attorney) conferred jurisdiction over the party thus represented and that his only remedy after judgment was an action or other proceeding against the attorney, unless the latter were insolvent." Freeman on Judgments (5th Ed.), Vol. 1, s. 231, p. 456.

Chancellor Kent stated the early rule in *Denton v. Noyes,* 6 John., 295, in these words: "An attorney of this court appears for the defendant to a writ, which had been sued out, but not served, and he afterwards confesses judgment. . . . If the attorney has acted without authority, the defendant has his remedy against him; but the judgment is still regular, and the appearance entered by the attorney, without warrant, is a good appearance as to the court." He continues: "(I)f the attorney for the defendant be not responsible, or perfectly competent to answer to his assumed client they would relieve the party against the judgment, for otherwise a defendant might be undone." But the Chancellor disagreed with the rule, stating: "I am willing to go still further, and in every such case, to let the defendant into a defense to the suit. To carry our interference beyond this

point, would be forgetting that there is another party in the cause, equally entitled to our protection."

The early rule above stated was first adopted in England. *Alleley v. Colley* (1624), Cro. Jac. 695, 79 Eng. Reprint, 603; Anonymous case (1703), 1 Salk. 88, 91 Eng. Reprint, 82; Anonymous case (1698), 1 Salk. 86, 91 Eng. Reprint, 81. But the court did not adhere to this rule in *Robson v. Eaton* (1785), 1 T. R. 62, 99 Eng. Reprint, 973. It was definitely abrogated in *Bayley v. Buckland* (1847), 1 Exch. 1, 154 Eng. Reprint, 1, where a defendant who was not served with process and had no notice of the action was held entitled to have set aside a judgment based on unauthorized appearance by an attorney in his behalf. The attorney was solvent and responsible.

The modern rule, according to the overwhelming weight of authority in this country, is: "A defendant against whom a judgment is rendered without service of process upon him, based on an appearance on his behalf by an attorney who was not employed by him and had no authority to enter his appearance, is entitled to show such want of authority and to be relieved against the judgment on that ground, in a direct proceeding instituted for the purpose." 88 A.L.R., Anno. — Judgment-Validity-Unauthorized Appearance, 3. III a, p. 30. If the record discloses lack of authority, the judgment may be collaterally attacked. *ibid*, s. III b, p. 41. But collateral attack is not permitted if the judgment is valid on its face. In such case, the proper procedure for relief is a motion in the cause in the court in which the unauthorized appearance is entered. *ibid*, s. III c, p. 41. Conduct amounting to acquiescence and ratification, or unreasonable delay in moving to set aside the judgment, where such conduct or delay has been prejudicial to the rights of adverse parties or innocent third parties, is equivalent to an original grant of authority and will bar relief. *ibid*., s. VIII, pp. 62-68.

The more recent North Carolina cases substantially embrace the modern majority view. But this Court has run the gamut of rule modification. As a result we find many inconsistencies in the opinions in this jurisdiction.

The early rule was applied by this Court in a number of cases during a relatively recent period. *Chadborn v. Johnston*, 119 N.C. 282, 25 S.E. 705 (1896); *University v. Lassiter*, 83 N.C. 38 (1880). The *Chadborn* case applied the early rule without qualification. There, movant was not served with summons, but the sheriff's return showed service on him. An unauthorized appearance was made by attorneys in his behalf, and judgment against movant was entered by agreement of counsel. Motion to set aside the judgment was allowed in

the lower court. This Court reversed, saying: ". . . (O)ne of . . . attorneys . . . is found to be 'amply solvent.' And it has been held by this Court that where this is the case the Court will not set aside the judgment otherwise regular."

The more liberal views of Chancellor Kent gained approval in *Gardiner v. May,* 172 N.C. 192, 89 S.E. 955 (1916), and *Ice Manufacturing Co. v. R.R.,* 125 N.C. 17, 34 S.E. 100 (1899).

Under certain circumstances it was held that judgments entered as a result of unauthorized appearance or consent of counsel could not be set aside or modified except on the ground of mutual mistake or fraud. The theory was that neither the courts nor other parties could look behind such acts on the part of attorneys to inquire into their authority or the extent and purport of clients' instructions — especially when innocent third parties would be prejudiced thereby. *Williams v. Johnson,* 112 N.C. 424, 17 S.E. 496 (1893); *England v. Garner,* 90 N.C. 197 (1884); *Stump v. Long,* 84 N.C. 616 (1881). As to the authority and liability of attorneys in their relationships with clients, see *Gardiner v. May, supra.*

However, certain principles, applicable to cases such as the one under consideration, now appear to be well settled.

It is generally held that, where a court has entered judgment against a party without having acquired jurisdiction, either by failure to serve process upon him or because of the institution of a suit entirely without authority, relief may be obtained by motion in the cause at the same or a subsequent term, provided there has been no ratification, laches or other interfering principle. If this lack of jurisdiction appears upon the face of the record, the judgment may be treated as a nullity when and wherever relied upon and is subject to collateral attack; but where a party, by unauthorized act of an attorney, appears of record as plaintiff, it is necessary that relief be obtained by motion in the cause. *Massie v. Hainey,* 165 N.C. 174, 81 S.E. 135; *Hatcher v. Faison,* 142 N.C. 364, 55 S.E. 284; *Doyle v. Brown,* 72 N.C. 393.

Our most recent case of unauthorized appearance by attorney is *Owens v. Voncannon,* 251 N.C. 351, 111 S.E. 2d 700. There movant sought to set aside a judgment entered by the unauthorized consent of counsel. Movant had been duly served with summons and the attorney had filed answer in her behalf. The answer had been verified by another. She alleged that the attorney had not been employed by or authorized to act for her. The Court declared:

"'The power of the court to sign a consent judgment depends upon the unqualified consent of the parties thereto; and

the judgment is void if such consent does not exist at the time the court sanctions or approves the agreement and promulgates it as a judgment.' *King v. King*, 225 N.C. 639, 641, 35 S.E. 2d 893. Moreover, when a purported consent judgment is void because the consent is by an attorney who has no authority to consent thereto, the party for whom the attorney purported to act is not required to show a meritorious defense in order to vacate such void judgment. *Bath v. Norman*, 226 N.C. 502, 505, 39 S.E. 2d 363, and cases cited.

"True, a judgment bearing the consent of a party's attorney of record is not void on its face. Indeed, it is presumed to be valid; and the burden of proof is on the party who challenges its invalidity. *Gardiner v. May, supra*. But if and when, absent ratification by the party, the court finds as a fact that the attorney had no authority to consent thereto, the essential element upon which its validity depends is destroyed."

Where the action or proceeding is regular on its face but the attorney was in fact not authorized to institute the action, bind the party, or consent to judgment, the judgment is at least voidable. An attorney has no inherent or imputed power or authority to compromise his client's cause or consent to a judgment which gives away the whole corpus of the controversy. *Bath v. Norman, supra.* To compromise his client's cause or enter a consent judgment with respect thereto, an attorney must be so authorized. But "when a compromise has been made and formally embodied in a court judgment, it is presumed to have been rightfully entered until the contrary is made to appear, and one who undertakes to assail such a judgment has the burden of making good his impeaching averments to the satisfaction of the court." *Chavis v. Brown*, 174 N.C. 122, 93 S.E. 471.

Unless procured by fraud or mutual mistake, a judgment which, upon the face of the record, is apparently valid may be set aside only by motion in the cause and by the court wherein it was rendered. *Chavis v. Brown, supra; Hatcher v. Faison, supra*. A jury trial is not allowed as a matter of right, and a jury verdict would only be advisory in character. *Chavis v. Brown, supra; Cleve v. Adams*, 222 N.C. 211, 22 S.E. 2d 567.

It is well established that in order to set aside an *irregular* judgment movant must show that he has been diligent to protect his rights, the judgment affects him injuriously and he has a meritorious defense. McIntosh: North Carolina Practice and Procedure (2d Ed.), Vol. 2, s. 1715, pp. 165, 166.

"According to the great weight of authority, the judgment defendant must, as a general rule, show that he had and has a meritorious defense to the original cause of action in which the judgment was rendered, in order to be entitled . . . to relief against the judgment on the ground that it was based on an unauthorized appearance by an attorney in his behalf." 88 A.L.R., Anno.-judgment-Validity-Unauthorized Appearance, s. VII, pp. 57, 58, and cases cited.

Some of our cases seem to make a distinction between judgments merely irregular, such as those listed on page 165 of the McIntosh citation above, and judgments apparently valid but challenged for want of jurisdiction or want of authority of attorney to consent thereto. A brief examination of cases is appropriate.

In *Bath v. Norman, supra,* there was a controversy concerning the ownership of land. A consent judgment was entered declaring defendants owners of the land. Consent was given by plaintiff's attorney. Plaintiff moved to set aside the judgment on the ground that the consent was unauthorized. The lower court found that plaintiff did not have a meritorious cause of action and denied the motion. This Court reversed, and said: "A consent judgment, however, depends for its validity upon the consent, without which it is wholly void. (Citing cases). A purported consent by one having no authority is in law no consent. . . . In this jurisdiction, a showing of merit either as to the cause of action or defense is not required in order to vacate a void judgment." The question of laches was not involved.

*Monroe v. Niven,* 221 N.C. 362, 20 S.E. 2d 311, involves a judgment in a tax foreclosure suit. There were a number of defendants, but only one had been served with summons. The record purported to show that all had been served. The judgment ordered a sale of lands owned by defendants. Three years after sale and confirmation defendants moved to set aside the judgment for want of jurisdiction. The trial court denied the motion but this Court reversed. The opinion declared: "Where the record shows service or appearance when in fact there had been none the judgment is apparently regular though void in fact and the party affected must take appropriate action to correct the record. . . . This is by motion in the cause. . . . No proof or suggestion of merit is required. . . . Nor are movants barred by the lapse of time. 'The passage of time, however great, does not affect the validity of a judgment; it cannot render a void judgment valid.' " The Court declined to discuss the rights of innocent purchasers for value, declaring that this question was not then before the Court.

See also *Harrington v. Rice,* 245 N.C. 640, 97 S.E. 2d 239; *Flowers v. King,* 145 N.C. 234, 58 S.E. 1074.

*Hatcher v. Faison, supra,* seems to be in direct conflict with the *Monroe* case. In *Hatcher* the movant had not been served with summons, though the judgment recited service. An attorney made an unauthorized appearance in his behalf and declared that he had no defense. The judgment was adverse. The motion to vacate was made eleven years after entry of judgment. Rights of innocent purchasers were involved, and movant had engaged in conduct from which ratification might be inferred. The court held that, where a judgment regular upon its face recites that there has been service of process, an innocent purchaser will be protected. Further, that where there has been long delay and laches on the part of one seeking relief, the judgment will not be vacated.

In *Weaver v. Jones,* 82 N.C. 440, there was no service of process and an unauthorized appearance by an attorney. On the record the judgment was regular. Six years later there was a motion to vacate the judgment. The motion was denied on the grounds that there was no showing of meritorious defense and there had been unreasonable delay.

Further citation and discussion of cases would be superfluous. In some respects the conflicts in the holdings are, perhaps, more apparent than real. The decided cases should be examined more from the standpoint of the total factual situations presented than the exact language used. A decision of the Supreme Court must be interpreted within the framework of the facts of that particular case. *Carpenter v. Carpenter,* 244 N.C. 286, 293, 93 S.E. 2d 617.

However, it clearly appears that the law in this jurisdiction now is that where a judgment is apparently valid upon the face of the record, but is in fact invalid for want of jurisdiction or for want of authority in an attorney to consent to judgment, the affected party is not required to show meritorious defense or cause of action as a condition precedent to vacating the judgment.

". . . (W)here a judgment is attacked upon the ground that the court granting it had no jurisdiction to do so, many courts take the view that such judgment is void and no meritorious defense need be advanced as a condition precedent to relief against it . . ." 174 A.L.R., Anno — Judgment-Relief From — Conditions, s. 22, p. 97.

The reasoning behind the rule seems to be that the sole question is the jurisdiction of the court, and the affected party's rights should not be prejudged.

The question of laches presents greater difficulty. It would appear

that positive acts amounting to ratification, or unreasonable delay after notice, resulting in prejudice to innocent parties would under certain circumstances work an estoppel. *Chemical Co. v. Bass,* 175 N.C. 426, 95 S.E. 766; *Hatcher v. Faison, supra.* But mere lapse of time will not, in the circumstances of the instant case, amount to laches. *Monroe v. Niven, supra; Patillo v. Lytle,* 158 N.C. 92, 94-5, 73 S.E. 200.

The primary question for the court below was whether or not the attorney of record had authority from appellants to compromise and settle the matters in controversy and approve a judgment in retraxit disclaiming on their behalf any right, title or interest in the land in question. There are no findings of fact determining this question. The judgment does not purport to determine this question. The cause must be remanded for this determination and for decision on all other related questions raised. *Columbus County v. Thompson,* 249 N.C. 607, 107 S.E. 2d 302.

On the question of laches the record before us shows nothing more than considerable lapse of time and is insufficient to support the finding "that the movants have been guilty of laches and unreasonable delay." A further showing on this phase may be made when the motion is again heard.

There was a paucity of evidence before the court at the hearing on the motion. The advisability of a full and ample presentation of facts on rehearing is suggested. The burden is on movants.

Error and remanded.