ALEXANDER LYNCH, UNMARRIED v. JOSEPHINE LYNCH, UNMARRIED, FLOR-
ENE L. LYNCH AND HUSBAND, KINZIE LYNCH, STELLA L. RICHARDSON,
WIDOW, ANNIE L. STALLINGS AND HUSBAND, JAMES STALLINGS, PERRY
M. LYNCH AND WIFE, ZULENE LYNCH, JOHN N. LYNCH AND WIFE,
MAGNOLIA LYNCH, VIOLET BATTLE MARSHALL, UNMARRIED, EMMA
BATTLE BROWN AND HUSBAND, FRED BROWN, MATTHEW A. BATTLE,
UNMARRIED, ANNIE BATTLE BULLUCK AND HUSBAND, GARLAND
BULLUCK, SAMUEL BATTLE AND WIFE, LAURA BATTLE, JAMES ED-
WARD MITCHELL, UNMARRIED, JIMMY R. MITCHELL AND WIFE, LILLIAN
MITCHELL, JOSEPH LEE MITCHELL AND WIFE, BESSIE MAE MIT-
CHELL, WILLIE L. MITCHELL AND WIFE, MARY MITCHELL, ERNES-
TINE MITCHELL, UNMARRIED, DOROTHENE M. HUNTER AND HUSBAND,
DAVID HUNTER, ELLAWESE HARRIS WALKER AND HUSBAND, FREDDIE
D. WALKER, WILLIAM E. HARRIS, UNMARRIED, EUZELIA H. JOHNSON
AND HUSBAND, AUTTIE JOHNSON, LONNIE F. HARRIS AND WIFE, RUTH
HARRIS, RUTH H. SLADE, UNMARRIED, ESTELLA H. CONNOR, AND HUS-
BAND, PETER CONNOR, MARGARET H. SARGENT AND HUSBAND, ROBERT
SARGENT, AND FLETCHER HARRIS AND WIFE, MARTHA HARRIS

No. 847SC863

(Filed 7 May 1985)

Judgments § 21.1— authority of attorney to consent to judgment
        Proceeding must be remanded for a determination as to whether
respondents authorized their attorney to consent to an order for the sale of
lands owned by tenants in common. G.S. 1A-1, Rule 60(b)(4).

APPEAL by respondents James and Annie Stallings from *Brown, Judge.* Order entered 17 May 1984 in NASH County Superior Court. Heard in the Court of Appeals 15 April 1985.

This proceeding was instituted by a petition seeking the sale of lands owned by tenants-in-common. Respondents answered, seeking to own their interest in severalty by having the land divided. Following a hearing, a consent order was entered by the Clerk of Nash County Superior Court on 13 February 1984, ordering the sale of the lands. On 16 March 1984, respondents filed a motion in the cause to set aside the Clerk's order of sale, alleging, *inter alia,* that respondents had not consented to the order, that they had not learned until 2 March 1984 that their attorney had consented to the order, and that their attorney gave consent without their authority. Respondents' motion was denied by the Clerk. Respondents then appealed the Clerk's order to the superior court. On 17 May 1984, Judge Brown entered his order affirming the Clerk's order denying respondents' motion. It is from Judge Brown's order that respondents appeal to this court.

*James W. Keel, Jr. for petitioner.*

*Cedric R. Perry for respondents.*

WELLS, Judge.

Although respondents filed their motion pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b)(1), (3) and (6) of the Rules of Civil Procedure, for reasons which we later state, the clerk and trial court should have considered respondents' motion under the provisions of Rule 60(b)(4) of the Rules of Civil Procedure, which empowers the trial court to set aside void judgments.

In their motion to the Clerk, respondents clearly alleged grounds for voiding the Clerk's order of sale, *i.e.,* that the order, entered by consent, was entered without their authorization and consent.

The subject of the validity of consent judgments entered without consent of the parties, or of a party, has been the subject of a number of opinions of our appellate courts. Perhaps the most instructive of these opinions are the opinions of our supreme court in *Overton v. Overton,* 259 N.C. 31, 129 S.E. 2d 593 (1963) and *Howard v. Boyce,* 254 N.C. 255, 118 S.E. 2d 897 (1961), both of

which opinions contain helpful reviews of the rules of law applicable in such cases. Those rules, in part, are:

> "The power of the court to sign a consent judgment depends upon the unqualified consent of the parties thereto, and the judgment is void if such consent does not exist at the time the court sanctions or approves the agreement of the parties and promulgates it as a judgment."

*Overton v. Overton, supra* (quoting *Ledford v. Ledford,* 229 N.C. 373, 49 S.E. 2d 794 (1948)); *Howard v. Boyce, supra.*

> When a party to an action denies that he gave his consent to the judgment as entered, the proper procedure is by motion in the cause. And when the question is raised, the court, upon motion, *will determine the question.*

*Overton v. Overton, supra* (emphasis added).

> "[A] judgment bearing the consent of a party's attorney of record is not void on its face. . . . [I]t is presumed to be valid; and the burden of proof is on the party who challenges its invalidity. . . . But if and when . . . the court *finds as a fact* that the attorney had no authority to consent thereto, the essential element upon which its validity depends is destroyed."

*Howard v. Boyce, supra* (quoting *Owens v. Voncannon,* 251 N.C. 351, 111 S.E. 2d 700 (1959) (citation omitted) (emphasis added).

For recent opinions of this court consistent with *Overton* and *Howard, see Tice v. Dept. of Transportation,* 67 N.C. App. 48, 312 S.E. 2d 241 (1984); *Briar Metal Products v. Smith,* 64 N.C. App. 173, 306 S.E. 2d 553 (1983).

In such cases, the party seeking to set a non-consented to judgment aside need not show a meritorious defense. *Overton v. Overton, supra* and *Howard v. Boyce, supra.*

In *Howard,* this statement appears relating to the supreme court's disposition of the appeal:

> The primary question for the court below was whether or not the attorney of record had authority from appellants to compromise and settle the matters in controversy and approve a judgment in retraxit disclaiming on their behalf any

> right, title or interest in the land in question. There are no findings of fact determining this question. The judgment does not purport to determine this question. The cause must be remanded for this determination . . . . [Citation omitted.]

Such is the problem here. Neither the Clerk's order or Judge Brown's order addressed or dealt with respondents' allegations of lack of consent, which we note was supported by affidavits of both respondents. Accordingly, the order of Judge Brown must be reversed and this matter remanded to the Superior Court of Nash County for determination of the factual issue of whether respondents authorized their attorney to consent to the Clerk's order. Should this determination be made against respondents, the Clerk's order should again be affirmed. Should this determination be made in respondents' favor, the matter should then be remanded to the Clerk for a hearing on the merits of the petition for partition.

Reversed and remanded with instructions.

Chief Judge HEDRICK and Judge MARTIN concur.