NYE, MITCHELL, JARVIS & BUGG, A NORTH CAROLINA GENERAL PARTNERSHIP
v. JOYCE R. OATES, A/K/A JOYCE OATES THOMAS

No. 9214DC149

(Filed 2 March 1993)

1. **Rules of Civil Procedure § 60.1 (NCI3d)— consent judgment entered six years earlier—motion timely—lack of personal jurisdiction alleged**

   Defendant's motion to set aside a consent judgment, although made more than six years after its entry, was not untimely, since it was based on the argument that the trial court did not have personal jurisdiction over her, and a judgment entered without personal jurisdiction over a party is void and may be attacked at any time.

   **Am Jur 2d, Judgments §§ 753, 765, 1081.**

2. **Judgments § 399 (NCI4th)— consent judgment signed by attorneys—authority of attorneys at issue—question not addressed by trial judge—setting aside of consent judgment improper**

   The trial court erred in setting aside a consent judgment against defendant on the ground that the court entering the consent judgment did not have jurisdiction over defendant, since the dispositive question was whether the attorneys who signed the consent judgment, representing themselves as the attorneys for defendant, had the authority to appear and approve a judgment on behalf of defendant, and the trial court did not address that issue, even though it was properly before that court.

   **Am Jur 2d, Judgments § 724.**

Appeal by plaintiff from order entered 20 December 1991 in Durham County District Court by Judge Carolyn D. Johnson. Heard in the Court of Appeals 12 January 1993.

*Nye, Phears & Davis, by William J. Wolf and C. Howard Nye, for plaintiff-appellant.*

*Poe, Hoof & Reinhardt, by G. Jona Poe, Jr., for defendant-appellee.*

GREENE, Judge.

Plaintiff Nye, Mitchell, Jarvis & Bugg, a North Carolina general partnership, appeals from the trial court's order setting aside a consent judgment against defendant Joyce R. Oates.

Joyce R. Oates (Mrs. Oates) and Timothy E. Oates (Mr. Oates), an attorney, were married in 1970 and separated in 1981. On 3 March 1981, Mr. and Mrs. Oates deeded two condominium units to plaintiff. Mr. and Mrs. Oates were divorced on 5 August 1982.

At the time of the delivery of the deed to plaintiff, the plaintiff alleges that the parties agreed that the city and county ad valorem taxes on the two units for the year 1982 would be prorated between them. Plaintiff later learned that city and county ad valorem taxes for the years 1979, 1980, and 1981 had not been paid. Plaintiff paid the taxes for these years and also the full amount of the taxes for 1982. Plaintiff filed a complaint against Mr. and Mrs. Oates on 4 November 1983, seeking as damages the amount of the delinquent taxes plaintiff was forced to pay and the prorated share of the 1982 taxes which plaintiff alleges that Mr. and Mrs. Oates refused to pay. Plaintiff attempted to serve Mrs. Oates, but the summons and complaint were returned unserved and she was not subsequently served with process. On 27 June 1985, Mr. Oates and another attorney, B. J. Sanders (Sanders), signed a consent judgment, each signing as "Attorney for Defendants." Under the terms of the consent judgment Mr. Oates and Mrs. Oates agreed, jointly and severally, to pay plaintiff the sum of approximately $5,400.00. In that judgment the trial court found as a fact that "[t]his court has jurisdiction over all the parties . . . [to] this action." Mrs. Oates did not sign the consent judgment.

On 14 November 1991, Mrs. Oates filed a motion to set aside the judgment pursuant to N.C.G.S. § 1A-1, Rule 60(b)(4). In that motion she asserted that the trial court did not have personal jurisdiction over her and that she had not consented to the entry of the judgment. In support of her claim that she never consented to the judgment, Mrs. Oates presented her own and Mr. Oates'

affidavits denying that consent was ever given by Mrs. Oates to the attorneys who signed the consent decree on her behalf. The trial court set aside the judgment against Mrs. Oates after determining that the court entering the consent judgment "did not have jurisdiction over Joyce R. Oates because she was never served with the summons and complaint in the original cause and she never accepted service of process." The trial court made no determination on the question of whether the attorneys who signed the consent judgment on behalf of Mrs. Oates had authority to do so.

---

The issues presented are (I) whether defendant's Rule 60(b)(4) motion to set aside the judgment was timely filed; (II) whether the trial court correctly concluded that plaintiff's failure to serve defendant rendered the court without personal jurisdiction over defendant; and (III) whether the trial court erred in failing to address the issue of the authority of Mrs. Oates' attorneys to consent to the judgment.

I

[1] N.C.G.S. § 1A-1, Rule 60(b) provides, in pertinent part:

(b) . . . . On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

. . .

(4) The judgment is void;

. . .

The motion shall be made within a reasonable time . . . .

N.C.G.S. § 1A-1, Rule 60(b) (1990). The requirement that the motion be made within a reasonable time is not enforceable with respect to motions made pursuant to Rule 60(b)(4) to set aside a judgment as void, "because a void judgment is a legal nullity which may be attacked at any time." *Allred v. Tucci*, 85 N.C. App. 138, 141, 354 S.E.2d 291, 294, *disc. rev. denied*, 320 N.C. 166, 358 S.E.2d 47 (1987); 7 James W. Moore & Jo Desha Lucas, *Moore's Federal Practice* ¶ 60.25[4] (2d ed. 1992).

Mrs. Oates' motion to set aside the consent judgment, although made more than six years after its entry, is based on the argument that the trial court did not have personal jurisdiction over her.

Because a judgment entered without personal jurisdiction over a party is void, *In re Finnican*, 104 N.C. App. 157, 161, 408 S.E.2d 742, 745 (1991), *cert. denied, disc. rev. denied*, 330 N.C. 612, 413 S.E.2d 800 (1992), *and overruled on other grounds by Bryson v. Sullivan*, 330 N.C. 644, 412 S.E.2d 327 (1992), Mrs. Oates' motion was not untimely.

## II

It is undisputed that Mrs. Oates neither accepted service of process nor was served with process. Nothing else appearing, the trial court would be correct in setting aside the judgment because where there is no jurisdiction over the parties, the judgment is void. *Allred*, 85 N.C. App. at 142, 354 S.E.2d at 294. Because, however, there is an issue of whether she consented to the jurisdiction of the court, the fact that she was not served with process is not dispositive.

## III

[2]  If Mrs. Oates consented to the jurisdiction of the court "such consent operates to prevent the invalidity of the judgment on the ground of absence of jurisdiction over the person." 46 Am. Jur. 2d *Judgments* § 27 (1969); *see Swenson v. Thibaut*, 39 N.C. App. 77, 89, 250 S.E.2d 279, 287 (1978), *disc. rev. denied*, 296 N.C. 740, 254 S.E.2d 181 (1979). The fact that Mrs. Oates' signature does not appear on the consent judgment is not conclusive on the issue of her consent. There is a presumption that the attorneys, who signed the consent judgment and represented themselves to the court as the attorneys for Mrs. Oates, did so with authority and with her consent. *In re Certain Tobacco*, 52 N.C. App. 299, 302, 278 S.E.2d 575, 577 (1981). Unless this presumption is rebutted, the consent of the attorney to a judgment of the court precludes any challenge by the represented party to the validity of the judgment on the ground of absence of jurisdiction over the person. *See* 46 Am. Jur. 2d *Judgments* § 27. The party challenging the actions of the attorney as being unauthorized has the burden of rebutting the presumption, *Owens v. Voncannon*, 251 N.C. 351, 354, 111 S.E.2d 700, 702 (1959), and absent estoppel by that party, a determination by the trial court that the presumption is rebutted destroys the essential element upon which the validity of the judgment depends. *See Howard v. Boyce*, 254 N.C. 255, 263, 118 S.E.2d 897, 903 (1961). The party attacking the validity of a judgment for want of consent is not required to show a meritorious defense

as a prerequisite to vacating the judgment. *Howard*, 254 N.C. at 265, 118 S.E.2d at 905. Although "positive acts amounting to ratification, or unreasonable delay after notice, resulting in prejudice to innocent parties would under certain circumstances work an estoppel," mere lapse of time between the entry of the consent judgment and the motion to set it aside will not. *Id.* at 266, 118 S.E.2d at 905.

Accordingly, in this case the dispositive question is whether the attorneys who signed the consent judgment, representing themselves as the attorneys for Mrs. Oates, had the authority to appear and approve a judgment on behalf of Mrs. Oates. The trial court did not address that issue, even though it was properly before that court. This was error and requires reversal and remand for determination of this issue. *Lynch v. Lynch*, 74 N.C. App. 540, 543, 329 S.E.2d 415, 416-17 (1985).

Reversed and remanded.

Judges JOHNSON and MARTIN concur.