McNEIL v CARO COMMUNITY HOSPITAL

Docket No. 89982. Submitted October 6, 1987, at Lansing. Decided April 4, 1988. Leave to appeal applied for.

Robert A. McNeil sustained fatal injuries in an automobile accident. Prior to his death, McNeil received initial medical treatment in the emergency room of Caro Community Hospital and was transferred to St. Mary's Hospital, where he was pronounced dead on arrival. Betty Taylor McNeil, as personal representative of the estate of Robert A. McNeil, brought a medical malpractice action in Saginaw Circuit Court against Caro Community Hospital and St. Mary's Hospital. Defendants moved for summary judgment, contending that plaintiff had failed to state a claim upon which relief could be granted by failing to allege malpractice with sufficient specificity. The parties entered into a stipulation allowing plaintiff to file an amended complaint setting forth a more definite statement of the claims against defendants. After an amended complaint was filed, defendants renewed their motion for summary judgment. Another stipulation by the parties allowed plaintiff to file a second amended complaint. When none was filed within the period provided by stipulation and after plaintiff's counsel made a representation that plaintiff had consented to a dismissal with prejudice, the trial court, Robert S. Gilbert, J., entered an order dismissing the action. Plaintiff subsequently retained other counsel and filed a motion for relief from the order of dismissal, claiming that she had not authorized her former counsel to consent to a dismissal. The trial court granted the motion and a second amended complaint, this time naming Dr. Fay Quines as a third defendant, was filed by plaintiff. Caro Community Hospital moved for summary disposition, claiming that plaintiff had failed to state a claim because she had failed to make allegations in avoidance of gov-

REFERENCES

Am Jur 2d, Judgments §§ 708 et seq.

Propriety of conditions imposed in granting relief from judgment under Rule of Civil Procedure 60(b). 3 ALR Fed 956.

Independent actions to obtain relief from judgment, order, or proceeding under Rule 60(b) of the Federal Rules of Civil Procedure. 53 ALR Fed 558.

ernmental immunity. The trial court denied the motion. By leave granted, both hospitals appealed from the order setting aside the dismissal of plaintiff's action and Caro Community Hospital appealed from orders denying its motion for summary disposition on the basis of governmental immunity and compelling it to produce certain documents.

The Court of Appeals *held:*

1. Extraordinary circumstances which would warrant relief from the order dismissing this action did not exist in this case and the trial court therefore abused its discretion in reinstating the action.

2. The trial court did not err in denying Caro Community Hospital's motion for summary disposition on the basis of governmental immunity. Public general hospitals, such as Caro Community, may claim governmental immunity to the extent that the diagnosis, treatment and care of patients are activities which are expressly or impliedly mandated or authorized by constitution, statute or other law in actions commenced after January 22, 1985, and in those actions pending either in trial or appellate courts on January 22, 1985, in which a governmental immunity issue was properly raised and preserved. However, in this case, which was commenced before January 22, 1985, neither plaintiff nor Caro Community properly raised and preserved governmental immunity as an issue.

3. The trial court did not abuse its discretion in ordering Caro Community Hospital to produce a statement provided by one of its nurses. The statement was taken at a time close to the alleged malpractice and plaintiff had fulfilled the burden of proving substantial need and inability to obtain a substantial equivalent of the statement by other means.

Reversed.

1. JUDGMENTS — RELIEF FROM JUDGMENT — APPEAL.

The grant or denial by a trial court of a motion for relief from a judgment will not be disturbed on appeal absent a clear showing of an abuse of discretion (GCR 1963, 528.3, now MCR 2.612[C]).

2. JUDGMENTS — RELIEF FROM JUDGMENT.

Three requirements must be fulfilled before a motion for relief from a judgment may be granted where the motion is not predicated upon any of the grounds specified by court rule; they are: (1) the reason for setting aside the judgment must not fall under any of the grounds specified in the court rule; (2) the substantial rights of the opposing party must not be detrimentally affected if the judgment is set aside; and (3) extraordinary

circumstances must exist which mandate setting aside the judgment in order to achieve justice (GCR 1963, 528.3[6], now MCR 2.612[C][1][f]).

*Diane M. Freilich,* for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *John P. Jacobs* and *Christine D. Oldani*), for Caro Community Hospital.

*Willaim E. Jungerheld* and *Thomas C. Wimsatt,* for St. Mary's Hospital.

Before: J. B. SULLIVAN, P.J., and H. HOOD and M. E. CLEMENTS,* JJ.

H. HOOD, J. Defendant Caro Community Hospital appeals by leave granted from three orders of the Saginaw Circuit Court in this medical malpractice action. These orders are the March 5, 1985, order setting aside a dismissal of the case, the December 20, 1985, order denying Caro's motion for summary disposition, and the December 20, 1985, order compelling Caro to produce certain documents. Defendant St. Mary's Hospital cross-appeals from the order setting aside the dismissal.

On June 20, 1981, at 4:00 A.M. an automobile driven by Robert A. McNeil struck a tree, seriously injuring McNeil. McNeil was taken to Caro Community Hospital's emergency room. Later that morning, he was transferred to St. Mary's Hospital for further treatment, but he was pronounced dead on arrival. On June 17, 1983, plaintiff, Betty Taylor McNeil, the personal representative of the estate of Robert A. McNeil, filed suit against Caro and St. Mary, alleging various acts of negligence in failing to take full life-support measures for McNeil.

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendants moved for summary judgment pursuant to GCR 1963, 117.2(1), now MCR 2.116(C)(8), arguing that the complaint failed to state a claim upon which relief could be granted because it did not allege malpractice with sufficient specificity. At the August 8, 1983, hearing on the motion, the parties stipulated that an amended complaint setting forth a more definite statement of the claims against defendants would be filed within thirty days. On December 5, 1983, an amended complaint was filed which contained more detail as to the alleged malpractice of defendants. Defendants again filed motions for summary judgment on the same grounds, and on March 16, 1984, the circuit court granted the summary judgment motions. However, the order provided that plaintiff could file a second amended complaint within thirty days.

On May 10, 1984, the court entered an order dismissing plaintiff's case with prejudice based on plaintiff's failure to file a second amended complaint and on plaintiff's communication, through her counsel, of her consent to the entry of a dismissal with prejudice.

On January 31, 1985, plaintiff moved, through new counsel, to set aside the order of dismissal and permit the filing of her second amended complaint. The motion was made pursuant to GCR 1963, 528.3(6), now MCR 2.612(C)(1)(f). In an affidavit accompanying the motion, plaintiff stated that her former attorney, Barry L. Moon, had not discussed the merits of the case with her, and that Moon did not inform her that the case had been dismissed until some time after May 10, 1984. Plaintiff stated that she did not authorize Moon to dismiss the lawsuit. The court granted plaintiff's motion. The court stated that the affidavit was at that point undisputed, and that plaintiff had met

her burden of proving extraordinary circumstances warranting relief from the May 10, 1984, order dismissing her case.

After the court's oral ruling, defendants asserted that they had not disputed the contents of plaintiff's affidavit because they had not received it before the hearing. The court then ruled that defendants would be permitted to depose Moon and move for a rehearing based upon testimony elicited at the deposition. On March 5, 1985, the court entered its order granting plaintiff's motion to set aside the dismissal and ordering that plaintiff would be permitted to file a second amended complaint.

Following Moon's deposition, defendants moved for rehearing on plaintiff's motion to set aside the dismissal. On September 10, 1985, the court issued its opinion on the motion for rehearing. The court concluded that plaintiff's assertion that she did not give Moon authority to dismiss the action was not specifically contradicted by Moon's deposition. The court affirmed its earlier order setting aside the dismissal.

Plaintiff thereafter filed her second amended complaint, and on May 20, 1985, filed a third amended complaint naming Dr. Fay Quines as a defendant.

On November 6, 1985, defendant Caro filed a motion for summary disposition pursuant to MCR 2.116(C)(8), formerly GCR 1963, 117.2(1), alleging that plaintiff had failed to state a claim upon which relief could be granted because her complaint failed to make allegations in avoidance of governmental immunity. The court denied this motion.

On appeal, defendants first claim that the court erred in finding that plaintiff satisfied her burden that reinstatement of the case was proper under

GCR 1963, 528.3(6), now MCR 2.612(C)(1)(f). This court rule states:

> .3 On motion and upon terms as are just, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding for the following reasons:
>
> \* \* \*
>
> (6) Any other reason justifying relief from the operation of the judgment.

The decision of the trial court on a motion brought under GCR 1963, 528.3 will not be disturbed on appeal absent a clear showing of an abuse of discretion. *Bye v Ferguson,* 138 Mich App 196; 360 NW2d 175 (1984). Three requirements must be fulfilled before relief may be granted under subsection (6): (1) The reason for setting aside the judgment must not fall under subrules (1) through (5); (2) the substantial rights of the opposing party must not be detrimentally affected if the judgment is set aside; and (3) extraordinary circumstances must exist which mandate setting aside the judgment in order to achieve justice. *Lark v The Detroit Edison Co,* 99 Mich App 280, 284; 297 NW2d 653 (1980), lv den 410 Mich 906 (1981). In general, relief is to be granted only where the judgment was obtained by the improper conduct of the party in whose favor it was rendered. *Marshall v Marshall,* 135 Mich App 702, 712; 355 NW2d 661 (1984).

In the instant case, the order of dismissal was not obtained by improper conduct of the opposing parties; rather, plaintiff's own attorney was at fault. The trial court relied upon *Coates v Drake,* 131 Mich App 687; 346 NW2d 858 (1984), in granting plaintiff relief from the order dismissing her case. In *Coates,* this Court reversed the trial

court's refusal to reinstate the plaintiffs' case where the plaintiffs' attorney settled the plaintiffs' case without the plaintiffs' express or implied consent and forged the plaintiffs' signatures upon releases and the settlement checks. *Coates, supra,* pp 689-690, 697. The plaintiffs' attorney then appropriated the money to his own use and signed an order dismissing the case with prejudice. *Id.,* p 690. The plaintiffs did not find out about the dismissal until approximately nine months later when they called their attorney. *Id.*

Although we agree that extraordinary circumstances existed in *Coates,* we do not feel that extraordinary circumstances are present in the instant case to warrant relief. In his deposition, Moon testified that he discussed plaintiff's case with her over the phone at various times, and was under the impression that she agreed that the case should be dismissed. In *Coates,* this Court noted that the defendants never disputed below that the plaintiffs did not authorize settlement. *Coates, supra,* p 690. In the instant case, defendants did dispute the allegation that plaintiff did not consent to the dismissal, and Moon's deposition confirmed this. This case is not as egregious as *Coates,* where the attorney forged his clients' signatures on their settlement checks and appropriated the money to his own use.

Although plaintiff in the instant case may conceivably have had a claim for malpractice against Moon for failure to file an amended complaint within the time allowed by the court, we do not believe the facts warrant reinstatement of plaintiff's case under MCR 2.612(C)(1)(f). Thus, we feel the trial court abused its discretion in finding extraordinary circumstances to set aside its judgment dismissing plaintiff's case.

Because we reverse the court's order of rein-

statement, we need only briefly discuss defendant's remaining issues.

Defendant Caro argues that the court erred in denying its motion for summary disposition on the basis of governmental immunity. The question is whether *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567; 363 NW2d 641 (1984), applies to this case. In *Parker v Highland Park*, 404 Mich 183; 273 NW2d 413 (1978), the Court held that public general hospitals were not immune from tort liability since the day-to-day operation of such hospitals was not a governmental function. *Parker, supra*, pp 191-194. However, in *Ross, supra*, the Court attempted to clarify the parameters of governmental immunity. In particular, the Court redefined the term "governmental function" as being an activity which is expressly or impliedly mandated or authorized by constitution, statute, or other law. *Ross, supra*, p 620. In *Hyde v University of Michigan Bd of Regents*, 426 Mich 223; 393 NW2d 847 (1986), the Court held that to the extent that the diagnosis, treatment, and care of patients at a public general hospital are activities which are expressly or impliedly mandated or authorized by constitution, statute or other law, the hospital is entitled to immunity. In discussing the retroactivity of *Ross*, the *Hyde* Court stated:

> We hold that the rules articulated in *Ross* apply to all cases commenced after January 22, 1985, the date our opinion was issued, and to those cases pending either in trial or appellate courts on January 22, 1985, in which a governmental immunity issue was properly raised and preserved. [*Hyde, supra*, p 230.]

The instant case was dismissed on May 10, 1984, and not reinstated until March 5, 1985. However, an amended complaint relates back to the filing

date of the original complaint. MCR 2.118(D). Thus, the second amended complaint in the instant case relates back to the date of the original complaint, June 17, 1983, and the case must therefore be considered to have been pending in the trial court on January 22, 1985. The question becomes whether a governmental immunity issue was properly raised and preserved. If so, *Ross* applies and governmental immunity may shield Caro; if not *Parker* applies and Caro is not immune.

Defendant Caro did not raise the issue of governmental immunity until November 6, 1985, when it moved for summary disposition based on governmental immunity. Therefore, we must determine whether governmental immunity, or rather, the lack of it, was raised by plaintiff. We believe that plaintiff's pleadings did not raise the nonexistence of governmental immunity. The complaint did not allege that defendants operated a public general hospital, nor did it allege that defendant was a profit-making institution. Cf. *Hyde, supra,* p 236, n 7. The trial court therefore did not err in ruling that defendant Caro was not entitled to summary disposition on the basis of governmental immunity.

Caro also claims that the court erred in ordering the production of a statement by Bonnie Youngert, a nurse at Caro. We find that the court did not abuse its discretion in ordering defendant to produce this statement. Because the statement was taken at a time close to the alleged malpractice when Youngert's memory was fresh, we believe plaintiff's burden of proving substantial need and inability to obtain the substantial equivalent by other means has been fulfilled.

The decision of the circuit court granting plaintiff's motion to set aside the dismissal is reversed.

Reversed.