FRANCES K. HENDERSON, LINDSAY ANNE BULLOCK, SETH BULLOCK, AND KAITLIN STELL, MINORS; PATRICK RYAN McDUFFY, MINOR; AND ANNE LAMM McDUFFY, MINOR; BY AND THROUGH THEIR GUARDIAN AD LITEM, PHILIP R. ISLEY, PLAINTIFFS v. WACHOVIA BANK OF NORTH CAROLINA, N.A., DEFENDANT

No. COA00-610

(Filed 21 August 2001)

### 1. Trials— alleged failure to exercise discretion—consideration of motion and attachments

The trial court did not abuse its discretion by denying without a hearing defendant's motion for reconsideration of a default judgment entered for failure to appear at depositions where defendant claimed that its attorneys did not keep it abreast of salient dates and issues. Although defendant contends that the court failed to exercise its discretion and that the court had to believe the evidence before it because there was no conflicting evidence, the court's order indicated careful consideration of the motion and its attachments and the court did evaluate evidence from both sides.

### 2. Judgments— Rule 60 relief—default judgment—party not informed of deposition dates by attorney

The trial court did not abuse its discretion by denying defendant's motion for relief from a default judgment following its failure to appear for depositions where defendant contended that its attorneys had neglected to keep it informed and that this neglect rose to the level of fraud. Attorney negligence is not excusable neglect warranting relief under Rule 60(b), the fraud for which Rule 60(b)(3) provides relief is the misconduct of an adverse party rather than the fraud of a party's attorney, and Rule 60(b)(6) does not apply because defendant's attorneys did not bribe or improperly influence the court and their conduct did not constitute a fraud upon the court or upon defendant.

### 3. Discovery— sanctions—failure to appear at depositions—default judgment

The trial court did not abuse its discretion by entering a default judgment as to one of plaintiff's five causes of action as a sanction for failure to appear at depositions where defendant contended that its attorneys had failed to keep it informed. The plain language of Rule 37 does not require a showing of willfulness; even so, it was reasonable for the court to infer intent from

defendant's conduct, the history of the case and defendant's repeated failure to appear at deposition hearings. Rule 37 gave the court the authority to dismiss the entire case and it was reasonable for the court to enter a default judgment as to the first cause of action.

Appeal by defendant from orders entered 20 March 2000 and 29 March 2000 by Judge Robert H. Hobgood in Superior Court, Wake County. Heard in the Court of Appeals 25 April 2001.

*The Sanford Holshouser Law Firm P.L.L.C., by Kieran J. Shanahan, for plaintiffs-appellees.*

*Womble Carlyle Sandridge & Rice, P.L.L.C., by Burley B. Mitchell, Jr., for defendant-appellant.*

TIMMONS-GOODSON, Judge.

Frances K. Henderson et al. (plaintiffs), originally instituted an action against Wachovia Bank of North Carolina, N.A. (defendant) on 31 May 1994, which they voluntarily dismissed without prejudice. Plaintiffs again filed an action on 18 January 1996, claiming, *inter alia*, breach of fiduciary duty and unfair trade practices in regard to the alleged mismanagement and administration of three testamentary family trusts for which defendant served as trustee. Between 1996 and 1999, both parties engaged in extensive discovery. On 15 November 1999, plaintiffs filed an amended complaint, which defendant answered on 30 November 1999.

After many years of discovery, a trial date was set and calendared to begin 24 January 2000. Judge Abraham Penn Jones (Judge Jones) entered an order to provide for a schedule for completing the necessary discovery before trial. All depositions were ordered to be completed by 7 January 2000, with the exception of rebuttal depositions which were ordered to be completed by 14 January 2000.

On 2 December 1999, plaintiffs gave notice to defendant's counsel of their intention to depose Wachovia pursuant to Rule 30(b)(6) of our Rules of Civil Procedure. The deposition was set for 17 December 1999. However, no defense witnesses appeared for the deposition. Plaintiffs then moved the court to compel defendant's appearance at a later Rule 30(b)(6) deposition. On 12 January 2000, Judge Jones ordered defendant to appear for a deposition on 17 January 2000. Again, defendant did not attend. Based on defendant's failure to

HENDERSON v. WACHOVIA BANK OF N.C.

[145 N.C. App. 621 (2001)]

appear, the court again ordered defendant to appear at a Rule 30(b)(6) deposition, scheduled for 16 February 2000. Defendant was also ordered to pay $2363.95 in sanctions. Furthermore, the court informed defendant that another failure to appear could result in a default judgment.

Defendant again failed to appear for the deposition on 16 February 2000. Plaintiff moved the court to strike defendant's answer to the complaint and to enter default judgment against defendant. Following a 15 March 2000 default judgment hearing, Judge Robert H. Hobgood (Judge Hobgood) entered default judgment against defendant as to plaintiffs' claim for breach of fiduciary duties for "willfully and without just cause failing to abide by an Order of the Court." The order was entered 20 March 2000.

Defendant claims to have first learned of the default hearing via an anonymous phone call received on 15 March 2000, just prior to the default hearing. Defendant further claims to have learned at the default hearing of the attorneys' repeated failure to keep defendant abreast of salient dates and issues regarding the depositions. Defendant summarily fired its original attorneys and hired new counsel.

Defendant thereafter moved the court for reconsideration of the 20 March 2000 default judgment. In its motion, defendant argued that its attorneys had never informed it of the original deposition notice, of the court-ordered deposition, of the sanction for failure to appear as ordered, or of the second court-ordered deposition.

On 29 March 2000, the court denied the motion for reconsideration. From the order of default judgment entered 20 March 2000 and the order denying the motion for reconsideration entered 29 March 2000, defendant appeals to this Court.

---

The two issues presented by this appeal are whether the trial court erred in (I) denying defendant's motion for reconsideration without a hearing; (II) entering default judgment against defendant.

## I.

The dispositive issue of the case is whether the trial court erred by denying defendant's motion for reconsideration without a hearing. Defendant argues that its attorneys' repeated failure to keep defendant informed of upcoming depositions amounted to fraud. Defendant further argues that fraud by an attorney must not be imputed to the

HENDERSON v. WACHOVIA BANK OF N.C.

[145 N.C. App. 621 (2001)]

client. Consequently, defendant argues that it should have received a full hearing to present evidence that it was defrauded. We disagree.

Because no case has directly spoken to the argument that attorney fraud should not be imputed to a client, we will review the history of our jurisprudence in this area of law. An examination of our legal foundations reveals a preference in the law to impute lawyer conduct to clients, even where the attorney has not been hired by a client. *See, e.g.* Anonymous case, 91 Eng. Rep. 82 (K.B. 1703); Anonymous case, 91 Eng. Rep. 81 (K.B. 1698); *Alleley v. Colley*, 79 Eng. Rep. 603 (K.B. 1624). This history has been briefly summarized as follows:

> [T]he early rule followed both in England and in this country was that . . . an unauthorized appearance (by an attorney) conferred jurisdiction over the party thus represented and that his only remedy after judgment was an action or other proceeding against the attorney, unless the latter were insolvent.
>
> . . . . If the attorney has acted without authority, the defendant has his remedy against him; but the judgment is still regular, and the appearance entered by the attorney, without warrant, is a good appearance as to the court.

*Howard v. Boyce*, 254 N.C. 255, 260, 118 S.E.2d 897, 901-02 (1961).

Our appellate courts did not continue to adhere to this strict rule of law, and generally a client today will be "entitled to show such want of authority and to be relieved against the judgment on that ground, in a direct proceeding instituted for the purpose." *Id.* at 261, 118 S.E.2d at 902. Nonetheless, this history indicates our fundamental preference for imputing attorney action to clients. As recently as 1896, "neither the courts nor other parties could look behind such acts on the part of attorneys to inquire into their authority or the extent and purport of clients' instructions—especially when innocent third parties would be prejudiced thereby." *Id.* at 262, 118 S.E.2d at 903; *see, e.g. Chadbourn v. Johnston*, 119 N.C. 165, 25 S.E. 705 (1896); *University Trustees v. Lassiter*, 83 N.C. 38 (1880). However, these cases suggest that "judgments entered as a result of unauthorized appearance or consent of counsel could not be set aside or modified *except* on the ground of mutual mistake or *fraud.*" *Howard* at 262, 118 S.E.2d at 902-03 (emphasis added). Similarly,

> [i]t is very generally understood, uniformly so far as examined, that an attorney at law, by virtue of his employment as such in a

given case, has the control and management of a suit in all matters of procedure, and *in the absence of fraud and collusion* can make such stipulations and agreements as may commend themselves to his judgment in so far as they may affect the remedy he is endeavoring to pursue.

*Bizzell v. Equipment Co.*, 182 N.C. 104, 107, 108 S.E. 439, 440 (1921) (emphasis added). The law prefers imputation but has hesitated to directly impute, or not impute, when attorney fraud is involved.

Analogous to the case at bar is *McNeil v. Caro Community Hospital*, 423 N.W.2d 241 (Mich. Ct. App. 1988). In *McNeil*, a Michigan trial court dismissed the plaintiff's case after the plaintiff's attorney failed to submit a valid complaint that could withstand a motion for summary judgment. After the plaintiff's attorney failed to inform the plaintiff of a second opportunity to amend the complaint, the plaintiff's case was dismissed with prejudice. The plaintiff's attorney claimed that the plaintiff consented to such dismissal with prejudice. The plaintiff then, with a new attorney, moved to set aside the order of dismissal, arguing that the first attorney did not inform the plaintiff of the opportunity to amend or of the dismissal, and that the plaintiff did not in fact agree to a dismissal with prejudice. The trial court granted the motion to set aside the dismissal.

On appeal, the Michigan Court of Appeals held that the trial court erred in reinstating the plaintiff's case. The Court stated that "[i]n general, relief is to be granted only where the judgment was obtained by the improper conduct of the party in whose favor it was rendered." *Id.* at 243. The Court concluded that because the judgment was rendered due to the improper conduct of the plaintiff's attorney, and not because of the improper conduct of the defendant, it would not be appropriate to grant relief to the plaintiff. *Id.* The Court noted that the trial court, in its decision to grant relief, had improperly relied on *Coates v. Drake*, 346 N.W.2d 858 (Mich. Ct. App. 1984). In *Coates*, the Michigan Court granted relief to a party upon evidence that the attorney had settled the party's case without the party's consent, had forged the party's signature on settlement checks, had used the money for attorney's personal use, had signed an order dismissing the case with prejudice, and had not informed the party of the settlement for nine months. The *McNeil* Court agreed that extraordinary circumstances existed in *Coates* to warrant the relief, but that the circumstances in *McNeil* were not so extraordinary, and that an action against the attorney for malpractice would be a sufficient remedy for

the plaintiff. *See McNeil.* The Court therefore held that the trial court abused its discretion in granting relief, as the plaintiff's case was properly dismissed in the first instance.

The Michigan cases appear to draw a distinction between attorney negligence and attorney fraud, choosing to impute attorney negligence onto a client, but not attorney fraud. Our appellate courts have never addressed the issue.

In North Carolina, a judge "may relieve a party" from a judgment or order for, among other reasons, "excusable neglect," fraud "of an adverse party" or "[a]ny other reason justifying relief." N.C. Gen. Stat. § 1A-1, Rule 60(b)(1),(3),(6) (1999). In a landmark 1998 decision, the North Carolina Supreme Court decided that "[c]learly, an attorney's negligence in handling a case constitutes inexcusable neglect and should not be grounds for relief under the 'excusable neglect' provision of Rule 60(b)(1)." *Briley v. Farabow*, 348 N.C. 537, 546, 501 S.E.2d 649, 655 (1998). In deciding *Briley*, the Supreme Court noted that "[a]llowing an attorney's negligence to be a basis for providing relief from orders would encourage such negligence and present a temptation for litigants to use the negligence as an excuse to avoid court-imposed rules and deadlines." *Id.* It would be too tempting for a party to extricate himself from legal difficulties by claiming insulation from an attorney's negligence, leading to "undesirable results." *Id.* Instead, the *Briley* result helps ensure that a party will be responsible in protecting his own case rather than simply handing the full responsibility over to the attorney. Other similar areas of the law also highlight this preference for keeping a client responsible for his case. *See, e.g. Smith v. Quinn*, 324 N.C. 316, 378 S.E.2d 28 (1989) (sanctions may be entered against either the represented party or the attorney, even when the attorney is solely responsible for the delay or violation).

In the case at bar, defendant acknowledges that if the attorneys' actions and inactions are in the realm of negligence, *Briley* is the controlling precedent, and this Court must affirm the trial court's denial of defendant's motion to reconsider. Defendant urges this Court to consider that, according to the facts in the case *sub judice*, the attorneys' conduct was so egregious as to amount to fraud. Defendant thus implores us to create a rule of law protecting a party from attorney fraud. To that end, defendant argues that we should reverse the trial court's decision to deny its motion for reconsideration and remand for a full hearing in concert with a new rule of law.

HENDERSON v. WACHOVIA BANK OF N.C.

[145 N.C. App. 621 (2001)]

**[1]** Defendant argues that the trial court abused its discretion in denying the motion to reconsider without a hearing. The argument is set out in three distinct sub-arguments, any one of which, according to defendant, gives us the power to reverse the trial court order. We will take each part in turn.

First, defendant argues that the trial court abused its discretion in failing to exercise its discretion in relation to defendant's motion to reconsider. It is error for a trial court to rule as a matter of law when the ruling requires the trial court's discretion. *Lemons v. Old Hickory Council*, 322 N.C. 271, 367 S.E.2d 655 (1988). Defendant's argument has no force, however, because there is no indication that the trial court did not exercise its discretion. Instead, the trial court's order indicates that it made a "careful consideration of the Motion and its attachments, including all affidavits," before denying the motion. From this we can find no abuse of discretion.

Second, defendant argues that the trial court had no choice but to believe the evidence before it in regard to the motion for reconsideration, because no conflicting evidence had been presented (the trial court denied the motion without finding the need to hold a hearing). Defendant cites authority, however, that does not support its argument. "Whether credibility is established as a matter of law depends on the evidence in each case." *Bank v. Burnette*, 297 N.C. 524, 537, 256 S.E.2d 388, 396 (1979). Defendant argues that *Bank* stands for the proposition that evidence is manifest "[w]here there are only latent doubts as to the credibility of oral testimony and the opposing party has 'failed to point to specific areas of impeachment and contradictions.' " *Id.* at 537-8, 256 S.E.2d at 376 (quoting *Kidd v. Early*, 289 N.C. 343, 370, 222 S.E.2d 392, 410 (1976)). Defendant misapplies *Bank* to the present case. While the trial court did not conduct a hearing to defendant's satisfaction, it did evaluate evidence available from both sides and based upon that evaluation, made a reasoned decision.

**[2]** We now turn to the third and most important sub-argument presented by defendant. Defendant contends that if the trial court indeed assigned credibility to the affidavits submitted in conjunction with the motion for reconsideration, the trial court abused its discretion in denying the motion, as the affidavits justify granting relief under Rule 60(b). Given the present state of the law, we disagree.

Defendant's argument that it is entitled to relief from the trial court's order is not assisted by Rule 60(b)(1) because, as previously noted, attorney negligence is not excusable neglect warranting relief.

*See Briley.* Thus, assuming defendant's affidavits show attorney negligence, this negligence is imputed to defendant. If, as defendant submits, the affidavits show fraud, then Rule 60(b)(1) is inapplicable, because the rule does not cover fraud. Rule 60(b)(3), which provides for relief from a judgment upon a showing of fraud also affords defendant no relief because the rule governs "[f]raud . . . , misrepresentation, or other misconduct of an adverse party," not fraud of a party's attorney. N.C. Gen. Stat. § 1A-1, Rule 60(b)(3). The alleged misconduct at issue is the fraud of defendant's own counsel. Thus, Rule 60(b)(3) is likewise inapplicable.

Finally, Rule 60(b)(6), which provides for relief from an order based on "[a]ny other reason justifying relief," does not support defendant's position. N.C. Gen. State. § 1A-1, Rule 60(b)(6). Defendant argues that the conduct of its attorneys amounted to either fraud on them as clients or fraud upon the court, and therefore defendant is entitled to relief from the trial court's order. We are not persuaded.

North Carolina's Rule 60(b) is identical to Federal Rule of Civil Procedure 60(b). Under Fed. R. Civ. P. 60(b)(6), courts have "previously found that fraud on the court embodies a concept of a deliberate, egregious scheme of directly subverting the judicial process which cannot be exposed by the normal adversarial process, such as bribery of a judge or juror or improper influence exerted by an attorney on the court." *Matter of Tudor Associates, Ltd., II*, 1990 WL 546146 (E.D.N.C. 1990), *affirmed*, 20 F.3d 115 (4th Cir. 1994). Defendant's attorneys did not bribe or improperly influence the court, nor did their conduct constitute a fraud upon the court or upon defendant. At most the affidavits show that defendant's attorneys did not fully apprise defendant of court orders to appear for depositions. Without so holding today, there may be situations so egregious that would entitle a party to be relieved of fraud on it by its own attorney, but this is not one of those situations. Therefore, we are unable to say that the trial court abused its discretion in its decision to deny defendant's motion for reconsideration without a hearing.

## II.

[3] By its second argument, defendant argues that the trial court abused its discretion in entering a 20 March 2000 default judgment and that the judgment was too severe of a sanction. Defendant contends there was insufficient evidence to support the court's conclusion that defendant "willfully and without just cause failed to abide

HENDERSON v. WACHOVIA BANK OF N.C.

[145 N.C. App. 621 (2001)]

an Order of the Court." Defendant argues that there was no evidence before the court that defendant's failure to abide by the court order was willful, and so the order should be reversed. We are not persuaded.

For the order to be upheld on appeal, it must contain conclusions of law that are supported by findings of fact. *Brooks v. Giesey*, 334 N.C. 303, 432 S.E.2d 339 (1993). The default judgment in the case at bar was entered pursuant to Rule 37(b)(2) of our Rules of Civil Procedure. N.C. Gen. Stat. § 1A-1, Rule 37(b)(2) (1999). Rule 37 is reviewed by this Court under an abuse of discretion standard. *Bumgarner v. Reneau*, 332 N.C. 624, 422 S.E.2d 686 (1992). As such, we have the authority to reverse the trial court's order only if it is "manifestly unsupported by reason." *Crutchfield v. Crutchfield*, 132 N.C. App. 193, 195, 511 S.E.2d 31, 34 (1999).

Rule 37(b)(2) allows for "a judgment by default against the disobedient party" when "a party or an officer, director or managing agent of a party . . . fails to obey an order to provide or permit discovery." Defendant relies on *Foy v. Hunter*, 106 N.C. App. 614, 418 S.E.2d 299 (1992) to argue that the trial court's conclusion that defendant willfully failed to obey the court is fatally flawed in that no evidence supported the conclusion of willfulness. Despite defendant's contentions to the contrary, we find that *Foy* is distinguishable from the present case. *Foy* involved Rule 41(b), providing that "a trial court may enter sanctions for failure to prosecute *only* where the plaintiff or his attorney 'manifests an intention to thwart the progress of the action to its conclusion' or 'fails to progress the action towards its conclusion' by engaging in some delaying tactic." *Id.* at 618, 418 S.E.2d at 302 (quoting *Green v. Eure*, 18 N.C. App. 671, 672, 197 S.E.2d 599, 601 (1973)). In other words, *Foy* implicated Rule 41(b) under which it is necessary for specific evidence to be introduced as to the intention of the party in order for sanctions to lawfully be entered.

In contrast, the plain language of Rule 37 does not require a showing of willfullness. The order of default judgment may be entered against a defendant pursuant to Rule 37(b)(2) for failure to obey a court order whether the failure was willful or not. Even so, it was reasonable for the trial court to infer the intent of defendant from the course of conduct. *See, e.g. Link v. Wabash R.R. Co.*, 370 U.S. 626, 633, 8 L.E.2d 734, 740 (1962) (holding that a party's deliberate conduct can be reasonably inferred from facts including a

"drawn-out history of the litigation"). Likewise, it would be reasonable for the court to have inferred deliberate or willful conduct by the defendant in this case based on the drawn-out history of years of discovery in this case. It would also be reasonable for the court to have inferred willful conduct by the defendant based on the repeated failure to appear at deposition hearings. *See e.g. Green* at 672, 197 S.E.2d at 600-01 (stating that whether a party or a party's attorney has an intent to delay or thwart the progress of an action may be inferred from the facts).

We do not find that the order is unsupported by reason. Interestingly, it seems that neither does defendant's counsel. During oral argument before this Court, defendant's counsel, in asserting that the denial of the motion to reconsider was the more important issue of the case, admitted that it was "understandable" that the trial court would rule as it did at the default hearing based on the evidence. We also believe that it was "understandable" that the trial court would enter default judgment against defendant. Because the ruling was supported by reason, we cannot find that the trial court abused its discretion. We therefore uphold the default judgment order of 20 March 2000.

Likewise, we also reject defendant's argument that the trial court abused its discretion by entering too severe of a sanction against defendant. Defendant was found to disobey not one, but two court orders. The trial court determined that a "severe sanction" was necessary for defendant's repeated willful failure. Rule 37 gives the trial court the authority to enter default as to the entire cause of action for one failure to comply with a court order. N.C. Gen. Stat. § 1A-1, Rule 37(b)(2). Even so, the trial court decided to enter default judgment against defendant only as to the first cause of action, not as to the second, third, fourth, or fifth causes of action. We conclude that it was reasonable for the trial court to sanction defendant with an entry of default judgment as to the first cause of action, given defendant's repeated failures to comply with the court's orders and the authority granted to the court under Rule 37. Accordingly, we find no abuse of discretion.

Based on the foregoing analysis, we conclude that the trial court did not abuse its discretion in denying defendant's motion for reconsideration without a hearing or in ordering the sanction of default as to plaintiffs' first cause of action.

**HUDSON INT'L, INC. v. HUDSON**

[145 N.C. App. 631 (2001)]

Affirmed.

Judges TYSON and CAMPBELL concur.