# STATE OF MICHIGAN

# COURT OF APPEALS

ANTHONY D. AMANTE,

    Plaintiff-Appellant,

v

TERESA M. AMANTE,

    Defendant-Appellee.

UNPUBLISHED
June 20, 2017

No. 331542
Oakland Circuit Court
Family Division
LC No. 2015-829559-DM

Before: MARKEY, P.J., and METER and SHAPIRO, JJ.

PER CURIAM.

Plaintiff appeals by right a consent judgment of divorce, arguing that the trial court should have granted his motion for relief from judgment and amended the judgment of divorce to include a provision barring spousal support or, alternatively, remanded the dispute for arbitration. We affirm.

Plaintiff argues that, due to mutual mistake, a provision barring spousal support was not recorded as part of the settlement agreement. Plaintiff additionally argues that defense counsel later acknowledged in an email that spousal support was forever barred, which constituted a binding agreement. Thus, plaintiff argues that the trial court erred when it failed to grant his motion for relief from judgment and amend the judgment of divorce to include a provision barring spousal support. Plaintiff additionally argues that the trial court erred in failing to remand the dispute for arbitration per the plain language of the judgment of divorce, which states that language disputes shall be decided by the arbitrator. We disagree.

A settlement agreement is construed as a contract. *Myland v Myland*, 290 Mich App 691, 700; 804 NW2d 124 (2010). "The existence and interpretation of a contract involves a question of law that this Court reviews de novo." *Id.*

"The same legal principles that govern the construction and interpretation of contracts govern the parties' purported settlement agreement in a divorce case." *Id.* Unless a party can establish fraud, duress, mutual mistake, or severe stress, he or she will not be relieved of a contract. *In re Lett Estate*, 314 Mich App 587, 602; 887 NW2d 807 (2016). A binding settlement agreement includes agreements "orally placed on the record and consented to by the parties[.]" *Vittiglio v Vittiglio*, 297 Mich App 391, 399; 824 NW2d 591 (2012).

-1-

## I. MCR 2.507(G)

Plaintiff first argues that an email defense counsel sent acknowledging that spousal support was forever barred constitutes a binding agreement under MCR 2.507(G). This argument was not presented to the lower court. "In order to properly preserve an issue for appeal, it must be 'raised before, and addressed and decided by, the trial court.' " *Henderson v Dep't of Treasury*, 307 Mich App 1, 8; 858 NW2d 733 (2014)(citation omitted). Thus, this Court reviews this unpreserved issues for plain error affecting substantial rights. *Demski v Petlick*, 309 Mich App 404, 426-427; 873 NW2d 596, 611 (2015). To obtain relief, the appellant must establish: (1) an error occurred; (2) the error was plain, i.e., clear or obvious, and (3) the error affected plaintiff's substantial rights, "meaning it affected the outcome of the lower court proceedings." *Duray Dev, LLC v Perrin*, 288 Mich App 143, 150; 792 NW2d 749 (2010).

MCR 2.507(G) states:

> [a]n agreement or consent between the parties or their attorneys respecting the proceedings in an action is not binding unless it was made in open court, or unless evidence of the agreement is in writing, subscribed by the party against whom the agreement is offered or by that party's attorney.

Plaintiff, relying on *Kloian v Domino's Pizza LLC*, 273 Mich App 449, 456-460; 733 NW2d 766, 773 (2006), argues that because "this Court held that an email from counsel to his opposite was sufficient to bind counsel and his client, [that] [a]ccordingly, an email from counsel is a writing subscribed by that party's counsel as required by MCR 2.507(G)."

In *Kloian*, this Court discussed whether a modification of a settlement agreement satisfied the subscription requirement in MCR 2.507(G)[1] so as to constitute a binding agreement. *Id*. at 459. In *Kloian*, over the course of a month, the parties entered into a settlement agreement through an exchange of emails. *Id*. at 451. After the defendant accepted the plaintiff's settlement offer, the plaintiff requested, also through email, a mutual release. *Id*. The defendant's attorney responded, by email, agreeing to the mutual release. *Id*. This Court held that the original settlement agreement met the requirements of MCR 2.507(G) because both attorneys had subscribed to the agreement by appending their names at the end of the email. *Id*. at 459. However, because the defendant's attorney did not append his name to the end of the email agreeing to a mutual release, this modification did not satisfy the requirements of MCR 2.507(G), so it was not enforceable as a binding agreement. *Id*. at 459-460.

In this case, defense counsel sent an email to plaintiff's counsel stating, "[a] spousal support order is only needed when the support is modifiable. Spousal support in this case is forever barred and thus not modifiable so no order is needed." Appended to the end of this email was defense counsel's name. This statement was part of an email discussing revisions to the judgment of divorce based on the settlement recording. While this Court agrees that this

---

[1] MCR 2.507 was amended in 2014. This case cites to MCR 2.507(H), which is now MCR 2.507(G).

statement provides evidence that a bar of spousal support may have been contemplated by the parties, and perhaps even agreed to, defense counsel's email was neither an offer nor an acceptance creating an agreement like the emails in *Kloian*. The parties had not been negotiating a settlement by email. In this case, the settlement agreement was orally recorded through a mediator, and the settlement agreement expressly stated that it was the full and complete agreement and settled all issues. Beyond the fact that plaintiff did not present this argument to the trial court, we also note that plaintiff did not submit any definitive evidence that the parties had agreed to include a provision forever barring spousal support as part of the settlement agreement. Thus, the trial court did not clearly err when it stated that it must follow the settlement agreement and denied plaintiff's request to amend the judgment of divorce to include such a provision.

## II. EXTRINSIC EVIDENCE

Plaintiff did not raise this argument before the trial court; consequently, he failed to preserve this argument for appellate review. *Henderson*, 307 Mich App at 8. This Court reviews unpreserved issues for plain error affecting substantial rights. *Demski*, 309 Mich App at 426-427.

Extrinsic evidence is admissible to help resolve ambiguities in a contract. *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 469; 663 NW2d 447, 453 (2003). But where a contract can be construed by its terms alone, it is a court's duty to interpret it. *Id*. The settlement agreement was not ambiguous. It was silent as to spousal support. Under MCR 3.211(B), where a divorce judgment is silent with regard to spousal support, the issue of spousal support is reserved. The settlement agreement reserved the issue of spousal support through its silence. Accordingly, there was no ambiguity to resolve. Regardless, it appears from the lower court record that the trial court considered all the evidence plaintiff presented in his objections to the entry of the judgment of divorce and motion for relief from judgment, and the trial court, nevertheless, concluded that plaintiff did not present evidence that a provision barring spousal support was bargained for, and that it must follow the settlement agreement. Therefore, the trial court did not err by denying plaintiff's request to amend the judgment of divorce.

## III. MUTUAL MISTAKE

Plaintiff argues that both counsel and the mediator forgot to include a provision barring spousal support into the settlement agreement. In support of this argument, plaintiff provided the trial court with the above email from defense counsel stating that spousal support was forever barred, a proposed judgment of divorce that was drafted by defense counsel which included a provision barring spousal support, and an email from the mediator acknowledging that spousal support was not mentioned on the record, but that his notes indicated that spousal support was not going to be awarded due to the lack of disparity in income and that he believed spousal support was discussed and barred.

"A mutual mistake is 'an erroneous belief, which is shared and relied on by both parties, about a material fact that affects the substance of the transaction.' " *Kaftan v Kaftan*, 300 Mich App 661, 665-666; 834 NW2d 657, 660 (2013), quoting *Ford Motor Co v City of Woodhaven*, 475 Mich 425, 442; 716 NW2d 247 (2006). Defense counsel explained in an email to plaintiff's

counsel that the provision barring spousal support was not authorized by defendant and was his unilateral mistake. Defense counsel argued to the trial court, before the judgment of divorce was entered, that defendant agreed to no spousal support at the time of the settlement agreement, but she wanted to reserve it. Because the alleged mistake of omitting a provision barring spousal support was not "shared and relied on by both parties," it follows that any mistake was not mutual. *Clark v Al-Amin*, 309 Mich App 387, 398; 872 NW2d 730, 737-738 (2015). Thus, mutual mistake cannot serve as a basis for amending or invalidating the judgment of divorce.

## IV. REMAND TO THE ARBITRATOR

Plaintiff argues that under the plain language of the judgment of divorce, the dispute regarding the provision barring spousal support should have been decided by the arbitrator. Under the terms of the judgment of divorce, "any disputes regarding the judgment language" should be submitted to the arbitrator. The dispute at issue concerns whether the judgment should include a provision barring spousal support. As stated above, the judgment of divorce is silent as to spousal support (just as the settlement agreement is silent as to spousal support), thus reserving the issue. This is not a dispute concerning the meaning of the language within the judgment of divorce. Accordingly, the trial court did not abuse its discretion in denying plaintiff's request that the dispute be remanded for arbitration.

## V. MOTION FOR RELIEF FROM JUDGMENT

Lastly, plaintiff argues that the trial court erred by denying his request for relief from judgment under MCR 2.612(A)(1),[2] and (C)(1)(a) and (C)(1)(f)[3] because there was (1) a clerical mistake in the judgment, (2) an error arising from oversight or omission, or (3) relief would effectuate what the parties bargained for and agreed to. Plaintiff also quotes *McNeil v Caro Cmty Hosp*, 167 Mich App 492, 497; 423 NW2d 241 (1988), stating, "[i]n general, relief is to be granted only where the judgment was obtained by the improper conduct of the party in whose favor it was rendered." Plaintiff does not elaborate or tie this statement to the facts of this case. Plaintiff has not argued before the trial court or this Court that the settlement agreement or judgment of divorce resulted from fraud. And as stated above, plaintiff has not established that the settlement agreement or judgment of divorce resulted from mutual mistake. While this Court acknowledges that plaintiff presented the trial court with evidence that could support that the parties may have discussed, and maybe even agreed to, bar spousal support, there is no

---

[2] "(1) Clerical mistakes in judgments, orders, or other parts of the record and errors arising from oversight or omission may be corrected by the court at any time on its own initiative or on motion of a party and after notice, if the court orders it."

[3] "(1) On motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following grounds:

(a) Mistake, inadvertence, surprise, or excusable neglect.

\* \* \*

(f) Any other reason justifying relief from the operation of the judgment."

agreement on the record that the parties actually accepted such a provision, and defendant and defense counsel, in fact, deny that such an agreement was made. Even plaintiff's affidavit acknowledged that it was *his* understanding that spousal support was to be barred. He never stated definitively that defendant or her counsel agreed that spousal support was forever barred, only that the mediator informed him and his counsel that defendant and her counsel "agreed that no alimony would be paid either way." Therefore, the trial court did not abuse its discretion in following the settlement agreement and entering the judgment of divorce and denying plaintiff's motion for relief from judgment.

We affirm. As the prevailing party, defendant may tax costs pursuant to MCR 7.219.

/s/ Jane E. Markey
/s/ Patrick M. Meter
/s/ Douglas B. Shapiro